MARY GRABOWSKI *vs.* SIMON T. MISKELL ET AL.

First Judicial District, Hartford, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

All findings should state facts, not recite evidence.

If material corrections in the finding of a Compensation Commissioner are properly made by the Superior Court upon appeal, the cause must be remanded to the Commissioner for a rehearing, as the Superior Court cannot try the case upon its merits.

Under § 5355 of the General Statutes, a Compensation Commissioner has the power to modify a voluntary agreement or an award, when it shall appear (a) that the incapacity of the injured employee has increased, decreased or ceased, or that the measure of dependence, on account of which the compensation is paid, has changed; or (b) that changed conditions of fact have arisen, that is, conditions different from those existent at the time the agreement or award was made, which necessitate a change in it. The Commissioner also has the same power, under § 5355, to open and modify an award that a court of this State has to open and modify its judgments. *Held* that in the exercise of this last-described power, to reopen, a Compensation Commissioner was not bound to follow the rules prescribed by the courts and deny the motion if its mover had not been diligent in the presentation of his cause, but might

Grabowski *v.* Miskell.

reopen the award notwithstanding the mover's lack of diligence; subject to review, however, for an abuse of this power.

In the present case the parties had made a voluntary settlement which had twice been continued in effect by order of the Compensation Commissioner, after due hearings. In this situation the insurer moved for a rehearing, on the ground that the settlement thus far made had been induced by misstatements; and upon the rehearing practically charged the plaintiff and her personal physician with fraud and falsehood. The Commissioner sustained this view of the case and dismissed the plaintiff's claim, whereupon she appealed to the Superior Court, assigning as reasons of appeal the refusal of the Commissioner to correct his finding in certain specified particulars, and his ruling that he had the right to retry the case *de novo*. *Held:*—

1. That the Superior Court acted correctly in amending the findings of the Commissioner in important particulars, and that such amendments necessitated the returning of the cause to the Commissioner for a new trial or rehearing.

2. That the Commissioner was right in holding that he had the power to open the award and retry the case *de novo*.

Argued October 5th—decided December 23d, 1921.

APPEAL by the defendant from a judgment of the Superior Court in Hartford County, *Maltbie, J.*, which found error in the action of the Compensation Commissioner of the fifth district, acting for and in place of the Commissioner of the first district, in reopening a former award and in dismissing the claim of the plaintiff. *No error.*

*Allan E. BroSmith,* for the appellants (defendants).

*Jacob Berman,* for the appellee (plaintiff).

WHEELER, C. J. The Superior Court sustained the plaintiff's appeal from the Commissioner for his errors in denying the first and third grounds of plaintiff's motion to correct, and in reopening the award, determining the case *de novo* and dismissing the claim.

The appeal of the defendant from the judgment of the Superior Court assigns as error the sustaining of the

appeal; and this brings before us the court's decision granting the first and third grounds of plaintiff's motion to correct, and its holding that the Commissioner could not open the award and try the case *de novo.*

In order to pass upon these questions we must have before us the history of this action.

On January 12th, 1920, the parties entered into a voluntary agreement, approved of by the Commissioner as provided for in the Compensation Act, which recited that the claimant, the plaintiff herein, had received, on November 26th, 1919, an injury arising out of and in the course of her employment, viz., a slight fracture of the skull.

Subsequently, on March 9th and 25th, 1920, Commissioner Chandler heard this claim *de novo.* The record does not disclose the procedure, but we assume that it followed the proper course—a motion in writing specifying with reasonable certainty the ground or grounds for the modification or opening of the award. Commissioner Chandler found certain of the facts as contained in the voluntary agreement, presumably by stipulation of the parties, and he makes other findings, some of which detail the evidence but do not give the facts found from this evidence. This was at variance with our repeated injunction as to the manner in which findings should be made. The finding does recite that the plaintiff, on November 26th, 1919, sustained the injury described in the voluntary agreement.

On September 30th, 1920, another hearing before Commissioner Chandler was had in this case. The record does not contain the motion for the rehearing, but from the nature of the finding we judge that its purpose was to determine whether the incapacity had ceased. Paragraphs 4 and 8 of the supplemental finding are as follows: "4. While the fact of the original injury

was agreed to in the aforesaid voluntary agreement, it became advisable in the course of the present hearing to admit testimony as to the nature of the injury and the fact of its occurrence.  It is found that on November 26th, 1919, the claimant was struck in the head by a beam which fell in the tobacco shed in which she was working, resulting in an abrasion of the scalp and a swollen area.  Whether or not there was a small fracture of the scalp is in dispute, and no finding is made thereon. . . . 8. I find that for an unknown period of time after the injury the claimant was incapacitated from the direct physical effects thereof.  There came a time, however, when the direct physical effects passed away and there remained a neurotic condition which, although intangible and subjective, is a pathological fact, chargeable to the injury."

From a period one week after the injury, to August 30th, 1920, the plaintiff had been under the care of the physician provided by the defendant employer.

None of the parties to this proceeding question the right of Commissioner Chandler to have twice heard this case *de novo*, or to have made the orders he did after the approval of the voluntary agreement, and for this reason we do not consider at this time this question.

It thus appears that the defendant employer's physician had had the plaintiff under his care for upward of ten months, and that the Commissioner, after a full hearing, made his finding as to the origin, extent and present continuance of plaintiff's injury on October 22d, 1920, nearly eleven months after the claimed physical injury.

On December 1st, 1920, the defendant insurer filed with Commissioner Williams, acting for Commissioner Chandler, its motion for a rehearing, "on the ground that the proceedings hitherto had in this case had been, so far as the insurance company was concerned, induced

by a misstatement, and hence that changed conditions of fact had arisen, and that the principles of equity required a rehearing."

The Commissioner overruled plaintiff's objection to the granting of the motion for a hearing *de novo*, and heard the case *de novo*. In his finding he states that whether or not the plaintiff had sustained an injury arising out of and in the course of her employment had never before been seriously presented to or heard by the Commissioner. This was a mistake, since Commissioner Chandler had twice determined this issue after hearings had and upon such evidence as the parties desired to present.

The finding also states that the beam which the plaintiff claimed fell on her head causing the injury for which the award was made, never, in fact, struck her, and that she never sustained a trauma in consequence. The finding further states that the plaintiff and Dr. Brace, her personal physician, claimed—to whom it does not appear, but let us assume the Commissioner intended to say to the insurer—that there was a wound upon her head on December 2d, 1919, and that one of the radiographs taken about this time showed a fracture of the skull. The finding further states that these statements were untrue, and that the agreement made with the plaintiff and all payments made to her under the award, were made under misrepresentation of fact induced by the statement of the plaintiff and Dr. Brace. Practically the Commissioner finds that Dr. Brace had testified falsely as to this injury. The finding does not specifically find that the plaintiff was guilty of fraud, but the memorandum, made a part of the finding, makes this charge, and it is a necessary inference from the other facts found. The fraud charged is based upon the finding that she was never in fact injured; that her claim of injury to her head, of a

cut upon it, and of a fracture of the skull, were without foundation in fact. The Commissioner reached this conclusion largely upon the fact that on July 6th, 1920, the plaintiff's scalp over the region where she complained of being hit was opened and no objective signs of injury appeared, and upon the further fact, found in paragraph 29, that "none of the physicians, with the exception of Dr. Brace, was able to find any objective signs of injury."

The plaintiff did not move to correct the finding of these statements of the plaintiff and of Dr. Brace. The trial court's memorandum indicates that it reached the conclusion that Commissioner Chandler had reached: that the plaintiff was hit by this beam. But this evidence was not before the court for the purpose of correcting the finding in this particular, and we are not at liberty to consider this conclusion of the court.

The court struck out paragraph 29, which we have quoted, and in its place, at the request of the plaintiff, made this substitution: "That the claimant has a sensitive area on the right side of her head, as was demonstrated at the final hearing by Dr. Alfred N. Rowley; and that the mere touching of this sensitive area with the finger caused the claimant to flinch and suffer pain."

The striking out of paragraph 29 removed one of the weighty facts which had influenced the Commissioner in concluding that the plaintiff had never received a physical injury to her head. The substitution for this of a fact tending to corroborate her claim that she had received such an injury, was a fact which weakened materially the conclusion that the plaintiff had never suffered such an injury. The other correction of the finding as to the investigation of this accident by the defendant insurer in March, 1920, was also a material factor in the finding of fraud.

It is impossible to measure the effect these changes in the finding would have upon the issue of fraud, but that they are so material as to require a rehearing we entertain no doubt; and if, in addition, it were permissible to read the finding as corrected by the fact found by the trial court, that the plaintiff was in fact struck and injured by this beam, a large part of the ground work of fraud would disappear, and if the physical injury be found, we must remember that the conclusion of Commissioner Chandler, as made in his supplemental finding, that the then neurotic condition of the plaintiff was chargeable to the injury, does not appear to have been contested.

The remaining question upon this appeal is whether the Commissioner had the power to open the award and try the case *de novo.* Its disposition involves a construction of General Statutes, § 5355: "Any award of, or voluntary agreement concerning compensation made under the provisions of this chapter shall be subject to modification, upon the request of either party and in accordance with the procedure for original determinations, whenever it shall appear to the compensation commissioner that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence, on account of which the compensation is paid, has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the State has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question." The Commis-

sioner, under this statute, has power at any time to modify the voluntary agreement or award whenever it shall appear to him: (a) That the incapacity of the injured employee has increased, decreased or ceased, or that the measure of dependence, on account of which the compensation is paid, has changed. This power continues so long as the agreement or award continues. *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 111 Atl. 193. The defendant's motion does not seek to modify the award because the incapacity had ceased. It seeks to nullify it from its inception, not to modify it from the date of this hearing. (b) That changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit of the Compensation Act. Clearly the changed conditions of fact refer to conditions which are different from those existent when the agreement or award was made. *Fair* v. *Hartford Rubber Works Co., supra.* The situation as found by Commissioner Williams was not a changed condition from that existent when the award was made. The injury, if any, had not changed. That it had increased or decreased was not what is meant by changed conditions of fact; such are taken care of by (a). Remedies (a) and (b) are quite unlike the remedy which a court exercises in opening a judgment. It may be that, practically applied, remedies (a) and (b) would cover most occasions for the opening or modification of an agreement or award. But the legislature, intending to make sure that the Commissioner should have ample power to open and modify an award, provided, in addition, remedy (c): "The commissioner shall also have the same power to open and modify an award as any court of the State has to open and modify a judgment of such court." In *Fair* v. *Hartford Rubber Works Co., supra,* we construed remedy (c) as giving to the Com-

missioner the same power to open and modify his award as our court of equity has to open and modify its judgment, without the limitation governing its exercise of this power, that in the given case it must appear that the private suitor could not in the exercise of reasonable diligence have theretofore sought the remedy he now seeks. The Commissioner may exercise remedy (c) without requiring the plaintiff in the action to show that he could not in the exercise of reasonable diligence have brought his present cause before the Commissioner at the time of the award he attacks. If the issue of fraud were regarded as properly before Commissioner Williams in defendant's motion, which is not a part of the record, he had the power under remedy (c) to hear the case on this issue *de novo*, and upon clear proof of the fraud to open the award.

The Commissioner was not in error in his holding that he had the power to open the award and try the case *de novo*. He was in error in his finding of facts in the particulars before referred to, and hence the trial court properly sustained the appeal.

There is no error.

In this opinion the other judges concurred.