CLARE STORMS ET AL. *vs.* THE NEW DEPARTURE MANU-
FACTURING COMPANY ET AL.

First Judicial District, Hartford, March Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KELLOGG, Js.

Under § 5355 of the General Statutes, an employer is entitled to have the amount of compensation originally awarded to a dependent reduced, if it appears, upon a hearing held for that purpose, that the degree or measure of dependence has lessened since that time.

An award of compensation has none of the elements of finality found in a judgment.

In view of its explicit provisions, § 5355 relating to "dependence," cannot be limited, in its application, to awards made directly to injured employees.

Argued March 7th—decided March 29th, 1922.

PRO FORMA AWARD of the Compensation Commissioner of the first district, filed in the Superior Court for Hartford County pursuant to § 16 of Chapter 142 of the Public Acts of 1919, and reserved by that court, *Avery, J.,* for the advice of this court. *Judgment advised for the defendants.*

One George Storms, on April 5th, 1919, suffered an injury arising out of and in the course of his employment by the defendant manufacturing company, from which he died on April 20th, 1919. The average weekly wage of the deceased was $25.10. He left surviving him two children, Clare, aged sixteen, and George F., aged fifteen. The daughter was totally dependent upon the father in fact. The son was working and self-supporting.

The Commissioner, in a decree filed July 5th, 1919, adjudged that the defendants should pay forthwith, to the legal representative of each child, $6.275 weekly until George F. Storms should reach the age of eighteen years, and thereafter should continue to pay to Clare Storms, or her legal representative, $12.55 weekly, until 312 payments in all had been made.

In April, 1921, the defendants moved for a modification of the above award upon the following claims of fact: (1) that Clare Storms had passed the age of eighteen; (2) that she was now the wife of Warren F. Harris, and was no longer dependent in fact upon the payments of compensation awarded her; and (3) that if she is partially so dependent, the defendants' liability should be modified and limited to the measure of her dependency now existing.

*Abraham S. Bordon,* for the plaintiffs.

*William B. Ely,* for the defendants.

CURTIS, J. On July 5th, 1919, Clare Storms was awarded weekly compensation from the defendants

for a period of 312 weeks, as a child wholly dependent in fact upon a deceased father, who died on April 20th, 1919, as the result of an injury arising out of and in the course of his employment.

In April, 1921, the defendants, under § 5355,* applied to the Commissioner for a modification of the award, for the reasons above stated. The Commissioner, upon due hearing, found that Clare Storms was now over eighteen years of age, was married to Warren F. Harris, and that, because of the marriage of Clare Storms subsequent to the award, and of the degree of support received from her husband, she was now dependent for her support upon the compensation awarded her, to the extent of only $4.25 per week to maintain herself in her class and position in life. The Commissioner refused, however, to modify the award to conform to her present degree of dependency, and *pro forma* reaffirmed the award.

Under the provisions of § 16 of Chapter 142 of the Public Acts of 1919, the matter then came before the Superior Court as though an appeal had been taken, and was duly reserved for the advice of this court.

The matter for decision may be stated as follows:

* Sec. 5355. REVISION OF AWARDS. Any award of, or voluntary agreement concerning compensation made under the provisions of this chapter shall be subject to modification, upon the request of either party and in accordance with the procedure for original determinations, whenever it shall appear to the compensation commissioner that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence, on account of which the compensation is paid, has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question.

Is it the duty of the Commissioner, under § 5355, to modify the award to the daughter based on dependency in fact, as the facts existed at the time of injury, so as to make it accord with the facts as to dependency as they may exist at a later time? General Statutes, § 5355, specifically answers the inquiry in the affirmative. This section reads in part as follows: "Any award of . . . compensation . . . shall be subject to modification upon the request of either party . . . whenever it shall appear to the compensation commissioner . . . that the measure of dependence, on account of which the compensation is paid, has changed. . . ." In *Grabowski* v. *Miskell*, 97 Conn. 76, 82, 83, 115 Atl. 691, we construed § 5355 as follows: "The Commissioner, under this statute, has power at any time to modify the voluntary agreement or award whenever it shall appear to him . . . that the incapacity of the injured employee has increased, decreased or ceased, or that the measure of dependence, on account of which the compensation is paid, has changed. This power continues so long as the agreement or award continues." The original award is not a final judgment. *Saddlemire* v. *American Bridge Co.*, 94 Conn. 618, 626, 110 Atl. 63. In that case we said: "The defendant attempts to liken the award to the judgment of a court. . . . The award is the creation of statute; it is subject to modification upon the grounds specified in the statute. There is nothing about it which has the finality of a judgment."

The plaintiff, in addition, claims, in effect, that since the estate of the employee who died as the result of an injury arising out of and in the course of his employment, is precluded by § 5341 from attempting to recover damages for his death, the reasonable construction of § 5355, in the light of the entire Act, is that it relates exclusively to a modification of an award to an

injured employee, and not to an award to his dependents upon his death, and that the modification in the "measure of dependence," referred to in § 5355, refers only to such a change in the case of an injured employee who is receiving compensation. Such a restricted construction cannot reasonably be put upon this statute, without ignoring its explicit terms and the two decisions of this court to which we have referred.

The Superior Court is advised that under the facts found the Commissioner should have reopened the original award to Clare Storms and modified it to conform to the measure of her dependence which he found to exist; and is advised to render judgment accordingly.

In this opinion the other judges concurred.