STANLEY CHZRISLONK *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, June Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings.

A jurisdictional defect may be taken advantage of at any time, either directly or collaterally.

Jurisdiction of a cause cannot be conferred upon a court by waiver or agreement of the parties.

All proceedings under the Workmen's Compensation Act are governed exclusively by statute.

Under § 13 of Chapter 142 of the Public Acts of 1919, a finding and award of a Compensation Commisioner becomes final and enforceable in the same manner as a judgment of the Superior Court, if neither party takes an appeal within ten days after it is filed.

There is no provision in the Workmen's Compensation Act for an appeal to the Superior Court from the denial by a Commissioner of a claimant's motion for a rehearing or a recommittal of the finding, and the trial court, in the present case, properly erased such an appeal from the docket upon defendant's motion.

Argued June 5th—decided July 28th, 1924.

APPEAL by the plaintiff from a supplemental finding and award of the Compensation Commissioner for the third district in favor of the defendant, taken to the Superior Court in New Haven County, and, upon mo-

tion of the defendant, erased from the docket by the court, *Nickerson, J.*, from which the plaintiff appealed. *No error.*

*Joseph V. Esposito*, for the appellant (plaintiff).

*Harry M. French*, for the appellee (defendant).

KELLOGG, J.   The record discloses that the claim of the injured party in this case came before the Compensation Commissioner for the third district on February 19th, 1923, the claimant being represented by counsel, and by continuance on the 4th, 14th and 19th days of March, 1923. On April 11th, 1923, a finding and award was made by the Commissioner, dismissing the claim of the claimant.   No appeal was taken by the claimant within ten days after this decision of the Compensation Commissioner, but on the 24th day of April, 1923, the claimant moved for a rehearing and recommittal of the finding and award in this action, on the ground that he was not aware, at the time of the original hearings, of the ground of defense of the respondent, and was not prepared at that time to argue the questions of law involved therein. The Commissioner denied this motion on the 8th day of June, 1923, and on the 13th day of June, 1923, the claimant filed notice of appeal from the finding and award and supplemental finding and award.

The Workmen's Compensation Act and all proceedings thereunder are entirely matters of statute and we are necessarily bound by the statutes in such cases.   Section 5365 of the General Statutes, as amended by § 13 of Chapter 142 of the Public Acts of 1919, reads in part as follows: "As soon as may be after the conclusion of any hearing the commissioner shall send to each party a written copy of his finding and award

and shall file a third copy in his office. The original award shall be filed in the office of the clerk of the Superior Court for the county in which the injury occurred if such injury occurred within this state. . . . If no appeal from his decision is taken by either party within ten days thereafter, such finding and award shall be final and may be enforced in the same manner as a judgment of the Superior Court."

No appeal was taken by either party within ten days from the decision of the Commissioner in this action upon his original finding and award, and under the provisions of the foregoing statute, this finding and award then became final and enforceable in the same manner as a judgment of the Superior Court.

As to that portion of the claimant's appeal assigning error in the refusal of the Commissioner to grant the claimant's motion to rehear or recommit his finding, we are again bound by the fact that all proceedings under the Workmen's Compensation Act are wholly a matter of statute, and nowhere in the several statutes concerning this subject-matter, is there any provision for an appeal from the denial of such a motion.

The record, therefore, discloses that the original finding and award was final, and that no appeal had been taken therefrom as required by statute, and further, that an appeal had been taken from a motion for a rehearing, for which there was no authority given by statute. It was the duty, therefore, of the court to erase this action from the docket, whenever the lack of jurisdiction was brought to its attention. "Whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." *Wheeler* v. *New York, N. H. & H. R. Co.*, 71 Conn. 270, 271, 41 Atl. 808. "A jurisdictional defect may be taken advantage of at any time, and directly or collaterally." *Equitable Trust Co.* v. *Plume*, 92 Conn.

649, 103 Atl. 940. "The element of time when the case was dismissed was not material. Where a court has no jurisdiction of a cause, the parties cannot confer jurisdiction by waiving this objection. This cannot by done by agreement. *Chipman* v. *Waterbury*, 59 Conn. 496, 497, 22 Atl. 289; *Savings Bank of Danbury* v. *Downs*, 74 Conn. 87, 89, 49 Atl. 913. It was the duty of the Court of Common Pleas to dismiss the case when the lack of jurisdiction was called to its attention." *Hazzard* v. *Gallucci*, 89 Conn. 196, 200, 93 Atl. 230.

There is no error.

In this opinion the other judges concurred.