## Anton Kurzaji *vs.* Warner and Bowman (The Broadway Lunch) et al.

Third Judicial District, New Haven, January Term, 1927.
Wheeler, C. J., Curtis, Maltbie, Haines and Hinman, Js.

If the Superior Court, as a court of equity, would have the power to open and modify its judgment upon a given set of facts, a compensation commissioner, under § 5355 of the General Statutes, would have a like power upon the same facts to open and modify his award, subject to the statutory limitation that it be "for any proper action."

This power includes cases of fraud, accident or mistake, provided the mistake is not one of law but of a fact or facts inducing the doing of something not intended and resulting in an injustice unless corrected.

Following an operation upon the plaintiff's right eye, which resulted in a permanent reduction of vision to the extent of eighty-five per cent, the commissioner made him an award upon that basis. About three months later, at a hearing held upon plaintiff's motion, the commissioner discovered that he had made the award in ignorance of the fact that the operation, by producing a loss of binocular vision, had rendered the plaintiff, for all practical purposes, a one-eyed man, since he was unable to use the injured and uninjured eyes at the same time. Thereupon the commissioner reopened the award and modified it accordingly. *Held* that the commissioner did not err.

Argued January 25th—decided April 11th, 1927.

Appeal by the defendants from the finding and award of the compensation commissioner for the third district in favor of the plaintiff, taken to the Superior Court in New Haven County and tried to the court, *Wolfe, J.;* judgment rendered dismissing the appeal and affirming the award, from which the defendants appealed. *No error.*

*Arthur B. O'Keefe,* with whom was *Jeremiah D. Shea,* for the appellants (defendants).

Kurzaji *v.* Warner and Bowman.

*Frank W. Daley,* with whom was *Walton E. Cronan,* for the appellee (plaintiff).

WHEELER, C. J.   The commissioner determined that the plaintiff-claimant had sustained, in consequence of an injury, a permanent loss of vision as a result of an operation for a traumatic cataract requiring the removal of the lens of the right eye which had occasioned a permanent reduction of vision to the extent of eighty-five per cent, and accordingly made an award to him on April 9th, 1926.   On July 2d, 1926, the plaintiff moved to reopen the award, and upon hearing had upon the motion, the commissioner found that the award had been made by him under a misapprehension of fact, in that he did not understand at the time the award was made that the plaintiff had a loss of binocular vision, and could not use his uninjured and the injured eye at the same time.   When the uninjured eye is covered, the plaintiff can use the injured eye with a glass and get 20/30th vision, but with the loss of binocular or stereoscopic vision.   Without the use of the glass, the claimant has only one tenth of normal vision. With any pair of glasses which gives the plaintiff one tenth of vision in the injured eye, he cannot use both eyes at the same time, so that he is at all times, for practical purposes, a one-eyed man.   He must always disassociate the vision of the two eyes.   The commissioner thereupon opened the award already made and made an award upon the newly-discovered facts showing the misapprehension under which the original award had been made.   Concededly the award so made upon the facts then found conforms to the statute.

The appeal rests upon the single point:   Did the commissioner have the power to reopen the award of April 9th, upon the facts found by him, indicative of his misapprehension of fact in the original award?

The power to reopen and modify this award must be found in the last of the three classes, in which he may exercise such a power, named in General Statutes, § 5355, viz.: "The commissioner shall also have the same power to open and modify an award as any court of the State has to open and modify a judgment of such court." The power so conferred, we state in *Hayden v. Wallace & Sons Mfg. Co.*, 100 Conn. 180, 185, 123 Atl. 9, in each claimed exercise, to be: "Would the Superior Court, as a court of equity, have power to open and modify its judgment under the same set of facts" upon which the commissioner opened the award?

Courts of equity have power to open a decree in cases of accident, fraud or mistake; the commissioner has a like power subject to the limitation of the statute that it be "for any proper action." *Hayden v. Wallace & Sons Mfg. Co., supra.* "Courts of equity have inherent power to reopen a decree based on a mistake of fact." *Fair v. Hartford Rubber Works Co.*, 95 Conn. 350, 355, 111 Atl. 193. The commissioner, by this statute, is given a similar power. He did not know at the time of his original award the fact which he ascertained upon the last hearing. It was a very material fact, and if its consideration by him was permissible he was fully justified in the award he finally made. The mistake made was that of the commissioner, not of litigant or counsel; it arose from a mistake or a misapprehension of the facts. In *Fair v. Hartford Rubber Works Co.*, 95 Conn. 350, 111 Atl. 193, where the commissioner approved of a voluntary agreement which provided for compensation for the loss of an eye, and it subsequently, upon an application to reopen the award, appeared that the claimant had previously lost the sight of his other eye, we held that the award might be opened three months after it had been made when

Kurzaji *v.* Warner and Bowman.

the commissioner was ignorant of this fact and the parties did not deem it material. This decision is of controlling authority in this case. Under similar circumstances of a mistake on the part of the court in the rendition of a judgment, a court of equity would open the judgment. The authorities so hold. Under the Kentucky Code, a judgment might be opened "for unavoidable casualty or misfortune, preventing the party from appearing or defending." Commissioners intended to allot Ramey ninety acres and to Mrs. Collins and Mrs. Rudy two hundred and sixty-two acres, whereas by mistake of the commissioners and surveyor, they allotted Ramey one hundred and five acres and Mrs. Collins and Mrs. Rudy two hundred and forty-seven acres. The attorneys were told as to what the commissioners purposed doing. The court held: "On the faith of this information, and with the understanding that the partition was to be made on that basis, they not only failed to file any exceptions to the commissioners' report, but agreed to the partition made by the commissioners. Had the attorneys known of the mistake in the report they would have filed exceptions. We therefore conclude that the facts alleged and proved make out a case of unavoidable casualty or misfortune, preventing a party from appearing or defending, and that the mistake is so large that plaintiffs are entitled to relief." *Rudy* v. *Ramey,* 160 Ky. 842, 845, 170 S. W. 179.

In *Straus* v. *Rost,* 67 Md. 465, 10 Atl. 74, the surviving child of a son of the testator became entitled to the share of an estate his father would have been entitled to. A decree was passed ordering a sale of certain property of the estate to which the guardian of this child was a party. In the accounts of the proceeds of these sales no portion of the proceeds was distrib-

uted to the child. The opinion of the court, at page 479, states: "In fact, it nowhere appears throughout the proceedings that the attention of the court was ever called to the construction of the will, or the rights of the appellee thereunder. . . . It is a case therefore where the court, through mere inadvertence or mistake, and without having its attention called to the subject, ratified the accounts assailed by the petition. The general rule of practice that a decree or decretal order after enrolment, can be revised or annulled only by a bill of review or by an original bill for fraud, is well settled. . . . But there are certain well defined exceptions to this general rule, which are equally well established, where the procedure may be by petition. These are 'in cases not heard upon their merits, and in which it is alleged that the decree was entered by mistake or surprise, or under such circumstances as shall satisfy the court, in the exercise of a sound discretion, that the enrolment ought to be discharged and the decree set aside.' *Herbert* v. *Rowles,* 30 Md. 278." See also *Patterson* v. *Hochster,* 21 N. Y. App. Div. 432, 47 N. Y. Supp. 553; *Hughes* v. *Miller,* 192 Pa. St. 365, 43 Atl. 976; *Warren* v. *Harvey & Fowle,* 92 N. C. 137; 23 Cyc. 931; 34 Corpus Juris, 299.

The mistake which constitutes a ground for setting aside a judgment is not one of law, but a mistake or inadvertence as to a fact or facts inducing the doing of something not intended and resulting in an injustice unless corrected. *Cooper* v. *Duncan,* 20 Mo. App. 355, 359. Leaving the award as first made by the commissioner would perpetuate a glaring and serious injustice. When a court discovers that it has made a serious mistake as to a question of fact through mere inadvertence, it may undo the injustice by opening the judgment and then rendering its judgment in conformity to the facts

whose true significance through inadvertence or casualty it had failed to understand.

There is no error.

In this opinion the other judges concurred.