## Dóminic Wysocki *vs.* The Bradley and Hubbard Company et al.

Third Judicial District, New Haven, January Term, 1931.
Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued January 27th—decided April 16th, 1931.

*Edward S. Pomeranz,* with whom, on the brief, was *S. Polk Waskowitz,* for the appellants (defendants).

*George E. Beers,* with whom was *William L. Beers,* for the appellee (plaintiff).

HAINES, J. The plaintiff sought compensation for hernia alleged to have resulted from an injury arising out of and in course of his employment with the defendant Bradley & Hubbard Company, in May, 1930. After hearing the evidence, the commissioner on May 23d, 1930, held that the claimant had established no history of an accidental injury arising out of and in course of his employment, but was suffering from a large easily reducible hernia with large relaxed inguinal rings, and reached the conclusion that the hernia had been present for some time before the date of the claimed injury. The commissioner thereupon dismissed the claim for compensation.

On May 31st, 1930, the claimant appealed from the finding and award, and reasons of appeal were filed. Thereafter, on June 9th, 1930, the claimant filed a motion to open the finding and award and for permission to present further evidence, the purpose of which was to show there had been a mistake of fact on the part of the commissioner. Without acting in any way upon the merits of the motion, the commissioner ruled that "the prosecution of said appeal has taken the case within the jurisdiction of the Superior Court, and while said appeal is pending the compensation commissioner has no jurisdiction" to hear the motion. From this action of the commissioner, the

claimant appealed to the Superior Court where the respondent filed a motion to erase on the ground that no appeal lies in such a situation. The court denied this motion, sustained the claimant's appeal and remanded the cause to the commissioner with direction to rule and pass upon the motion to reopen, and thereupon the respondent appealed to this court.

The assignments of error present two controlling questions: (a) Whether an appeal from a finding and award deprives the commissioner of jurisdiction to thereafter act upon a motion to reopen and modify it, and (b) whether in any event, an appeal will lie from the commissioner's action on such a motion.

The respondent, in support of the ruling of the commissioner, argues that the effect of an appeal from an award, is to deprive the commissioner of all control of the award, and hence it is impossible thereafter to obtain a modification of it. If this be true, the party must decide within the ten days allowed for an appeal, whether he will, during the pendency of the appeal, forego all the benefits which may arise from the statute which authorizes a commissioner to modify an award. Yet, after an appeal, conclusive evidence might become available to establish that the incapacity had increased, decreased or ceased, that the measure of dependence had changed, or that changed conditions of fact had arisen which made it necessary to change the award in order to carry out the purpose of the Compensation Act. General Statutes, § 5240. It might also become possible to prove that the award from which the appeal had been taken, had been procured by fraud, accident or mistake. *Kurzaji* v. *Warner and Bowman,* 106 Conn. 90, 92, 137 Atl. 19. If the respondent's contention is sound, then in any such event, the commissioner would be unable to act

and the parties deprived of their rights during the pendency of the appeal. In most cases it would be impossible for the parties to know within ten days from the date of the award, whether evidence would be available to establish one or more of these statutory grounds for modifying the award. To require within ten days, such an election between an appeal and a motion for a modification of an award, would be highly unjust, and contrary to the spirit and the underlying purpose of the compensation law. It has been the policy of this State, uniformly adhered to, to recognize a continuous jurisdiction of an award by the commissioner, during the whole compensable period, a jurisdiction which is necessary and vital, for the protection of the interests of all parties under our Act. Denying modification where an award had been made under a mistake of fact, and "leaving the award as first made by the commissioner would perpetuate a glaring and serious injustice." *Kurzaji* v. *Warner and Bowman,* 106 Conn. 90, 94, 137 Atl. 19.

Again, a holding that an appeal deprives the commissioner of all jurisdiction over the award appealed from, would be in direct conflict with the last sentence of the statute referred to, which makes no exception of appealed cases: "The compensation commissioner shall retain jurisdiction over . . . awards . . . for any proper action thereon, during the whole compensation period applicable to the injury in question." General Statutes, § 5240; *Bassett* v. *Stratford Lumber Co.,* 105 Conn. 297, 301, 135 Atl. 574; *Fair* v. *Hartford Rubber Works Co.,* 95 Conn. 350, 356, 111 Atl. 193.

We regard the proposition that an appeal deprives the commissioner of jurisdiction, as in direct conflict with the letter and spirit of our Compensation Act,

and the overruling of that contention by the Superior Court was correct.

Holding then, as we do, that the commissioner had jurisdiction to determine this claimant's motion on its merits, was his refusal to do so "for lack of jurisdiction" a proper subject of appeal? It is to be noted that this does not present the question whether the motion was based upon sufficient grounds to permit the commissioner, upon proof, to modify the award. That question was not passed upon by the commissioner or the Superior Court, and the respondent's discussion of it, is beside the mark. A very different question might have been presented to us by such a ruling. Since the commissioner refused to entertain the motion, or pass upon its merits, we do not know what his decision would have been had he done so.

The respondent takes broad ground when he contends that the action of a commissioner in denying a motion to open an award is final and not subject to an appeal. If this claim be valid, it is equally so to say that an appeal will not lie for any other action upon such a motion. The respondent relies upon the case of *Chzrislonk* v. *New York, N. H. & H. R. Co.* (1924) 101 Conn. 356, 125 Atl. 874, to support his claim. In that case the award was in favor of the respondent and rested upon the ground that the injury was not compensable. The commissioner added, "but if there is any redress it must be under the Federal Employers' Liability Act." About two weeks afterward, and after the time for an appeal from the award had passed, the claimant filed a motion to open the award assigning as a reason therefor that at the time of the hearing, he was not aware that the defense would be that the matter came under the Federal Employers' Liability Act, and so was not prepared to argue upon the legal

questions thus raised but was now prepared to do so. The commissioner took jurisdiction and heard and decided the motion upon its merits, and concluded that it was clear at the time of the original hearing that that defense was being made, but that the claimant had not asked for a continuance to prepare his argument, and the time for an appeal from the award had passed before the motion was filed. He held: "The parties have had what may be called their day in court, and it would be an injustice to the respondent to open the award." The Superior Court upon appeal, sustained the commissioner and ruled that since the time for an appeal from the award had passed, when the motion was filed, the attempt to appeal from the award was ineffective, and the appeal was in fact an appeal from the action of the commissioner upon a motion for a rehearing, for which there was no statutory authority, that the Superior Court was therefore without jurisdiction, and a motion to erase the appeal was granted. When the case reached this court, a brief opinion was filed sustaining the action of the trial court in erasing the appeal for lack of jurisdiction. The conclusion was stated as follows: "The record therefore discloses that the original finding and award was final, and that no appeal had been taken therefrom as required by statute, and further, that an appeal had been taken from a motion for a rehearing, for which there was no authority given by statute."

This was followed three years later by *Gonirenki* v. *American Steel & Wire Co.* (1927) 106 Conn. 1, 137 Atl. 26. In that case the claimant obtained an award for injury caused by being struck by a heavy coil of wire from which it was determined that paralysis resulted. No appeal was taken within the ten-day period, but thereafter there were new developments in

claimant's condition which it was claimed made it apparent that the paralysis was attributable to another cause. More than six months had passed after the award, when the respondent set up the new evidence in a motion to open the award. The commissioner dismissed the motion on the ground that he had "no power to open and modify the award for the reasons claimed in said motion to open and modify."

We said that this action of the commissioner in dismissing the motion to open, had deprived the respondent of his day in court, and that any disposition of a motion of this character without giving the petitioner an opportunity to be heard upon the merits of his motion, "will on appeal be regarded as procedure prejudicial to the rights of the mover or petitioner and require that the appeal be sustained and the motion or petition returned to the commissioner for a hearing on the merits." We further said the respondent was entitled to have the question decided by the commissioner whether the newly-discovered evidence would produce a different result from that originally reached, and upon presentation of all the facts to this court, we would determine whether the commissioner had unreasonably exercised his discretion in failing to grant the respondent's motion on that ground. "The respondent was entitled, upon its motion, to have that precise question determined by the commissioner, and reviewed on appeal if he so desired. The commissioner was in error in sustaining the motion to dismiss."

As will be seen from the report of this case, this was an "appeal by the defendant from a ruling of the compensation commissioner . . . denying its application to reopen and modify a finding and award in favor of the plaintiff." The right of appeal was ex-

pressly recognized, and in this respect our action conformed to our practice in earlier cases. *Fair* v. *Hartford Rubber Works Co.* (1920) 95 Conn. 350, 111 Atl. 193; *Grabowski* v. *Miskell* (1921) 97 Conn. 76, 115 Atl. 691; *Storms* v. *New Departure Mfg. Co.* (1922) 97 Conn. 332, 116 Atl. 611; *Hayden* v. *Wallace & Sons Mfg. Co.* (1923) 100 Conn. 180, 123 Atl. 9.

There is a vital distinction between the questions presented by the *Chzrislonk* case and the case at bar. In the former the commissioner heard and decided a motion to open, upon its merits. In the case at bar the commissioner refused to hear a motion to open, on the ground that he had no jurisdiction to do so, and this presents, as did the *Fair, Grabowski,* and *Storms* cases, a question of law, the decision of which is not within the discretion of the commissioner. The motion to open is, in legal effect, similar to a motion for a new trial in a court case. *Fair* v. *Hartford Rubber Works Co., supra,* p. 356. The principle involved has been held in our court cases to be that "whenever the question of a new trial turns upon a matter of fact, like the weight to be given to newly-discovered evidence, or whether such evidence would be likely to produce a different result, or whether notwithstanding such evidence manifest justice was done, . . . in these and in other similar cases this court has ordinarily refused to interfere. But it may be, and generally is otherwise when the question involved is purely a question of law, and especially if it is a question which affects or may affect the whole matter in controversy." *Schoonmaker* v. *Albertson & Douglass Machine Co.,* 51 Conn. 387, 395, 396.

Another distinction should be noted. The statute conferring upon a commissioner the right to open and modify an award is obviously based upon the existence

of changed conditions warranting such action in the interests of justice to both claimant and respondent. A motion to open under such changed conditions is thus virtually a new proceeding. In the *Chzrislonk* case no new or changed conditions existed and no new proceeding was contemplated. It was a motion to rehear the case upon the same conditions as existed at the time the award was made, and for this, the statute makes no provision. In the present case, as in all those cases referred to where we entertained an appeal, the motion sought action "in accordance with the procedure for original determinations." General Statutes, § 5240.

While we recognize a real analogy in some respects between the decisions and procedure of a commissioner and those of a court, it is not a complete analogy. "The liberal spirit and policy of the Compensation Act should not be defeated or impaired by a too strict adherence to procedural niceties." *McCulloch* v. *Pittsburgh Plate Glass Co.*, 107 Conn. 164, 167, 140 Atl. 114. An award of a compensation commissioner, for example, resembles more nearly an interlocutory than a final judgment, and the Compensation Act contemplates that it shall be open to modification during the compensation period whenever the exigencies of the situation demand it in order to do justice between a claimant and a respondent. "The award is the creation of statute; it is subject to modification upon the grounds specified in the statute. There is nothing about it which has the finality of a judgment." *Saddlemire* v. *American Bridge Co.*, 94 Conn. 618, 626, 110 Atl. 63; *Storms* v. *New Departure Mfg. Co.*, 97 Conn. 332, 335, 116 Atl. 611.

In the case at bar the motion was based upon the claim that there had been virtually a mistake of fact

upon which the original award was based. It was the duty of the commissioner to hear this motion and determine whether such an error had been made. If he had heard it and had been convinced that there had been such a mistake, it would have been his duty to open and modify the award, since he had the power of a court of equity over its judgments, and such courts "have inherent power to reopen a decree based on a mistake of fact." *Fair* v. *Hartford Rubber Works Co., supra,* p. 355. In refusing to hear the motion on the ground of lack of jurisdiction, he committed an error of law, and such action was reviewable by the Superior Court on appeal.

In a case recently before this court, the original award had been opened upon motion and evidence offered to establish increased incapacity. The commissioner ruled that the then condition of the claimant was not shown to be the result of the original injury. Upon appeal to the Superior Court it was there held that the ruling of the commissioner rested upon a question of fact found from conflicting evidence and that that ruling was reasonably supported by the evidence produced. The matter then came to this court by appeal and the relevant evidence was certified. We said of the procedure before a commissioner upon a motion to open an award under § 5240 of the General Statutes that "whether the particular facts brought to the commissioner's attention justified him in exercising his power of modification, must rest largely in his discretion. *Morisi* v. *Ansonia Mfg. Co.,* 108 Conn. 31, 36, 37, 142 Atl. 393. But this discretion must be a reasonable, that is, a legal discretion. *McKone* v. *Schott,* 82 Conn. 70, 71, 72 Atl. 570; *Loomis* v. *Perkins,* 70 Conn. 444, 446, 39 Atl. 797. . . . If the plaintiff's claims as to the finding are valid, it could not be held

that the discretion of the commissioner was reasonably and legally exercised, and he should be given relief in accord with the spirit and purpose of the Act." *Furlani* v. *Avery*, 112 Conn. 333, 336, 152 Atl. 158.

The citations we have given from the decisions of this court in cases having some analogy to the present case, are sufficient to show our interpretations of the spirit and purpose of the Compensation Act where the rights of the parties are involved in a commissioner's ruling upon a motion to open and modify an award. If such ruling involves an error of law, it is the province and duty of the court upon appeal to review it. If it involves only an exercise of the commissioner's discretion, it is not reviewable upon appeal unless that discretion has been unreasonably exercised or abused. It is quite possible that the evidence offered under the present motion would have shown that the award was made under a mistake, and under our decision in the *Fair* case, such mistake would be within the statute and a valid ground for opening and modifying the award.

While upon the facts in the *Chzrislonk* case, the final result was correct, the generality of the language used in the decision was such that a misconception of its scope might justifiably arise, and in so far as it appears to hold that under no circumstances can an appeal be taken from action by a commissioner upon a motion to open and modify an award, it is overruled. The principles enunciated in the *Gonirenki* case are controlling in the present case, and the judgment of the Superior Court sustaining the appeal and remanding the cause, was correct.

There is no error.

In this opinion the other judges concurred.