### JAMES O'HARA *vs.* HEWLITT CONSTRUCTION COMPANY ET AL.

Third Judicial District, Bridgeport, April Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 16th—decided June 1st, 1931.

*William A. Bree,* with whom was *H. Frederick Day,* for the appellant (defendant).

*Cornelius J. Danaher* and *Francis R. Danaher,* for the appellee (plaintiff).

HAINES, J.   The plaintiff was an employee of the defendant and was injured September 25th, 1925; compensation was paid at $21 per week under a voluntary agreement approved by the commissioner, until September 21st, 1926.   Upon a hearing held November 27th, 1926, the plaintiff was awarded $21 per week being maximum compensation, commencing September 26th, 1925, and continuing during incapacity, due credit being allowed for compensation theretofore paid.   On December 2d, 1930, the defendant moved to open the award and vacate the order on the ground that the law fixing $21 per week as the maximum compensation was unconstitutional.   The commissioner held that all the facts upon which the claim of unconstitutionality rested, were present at the time the voluntary agreement and the commissioner's award were made and that such facts would have been revealed at that time by reasonable diligence on the part of the defendant; and that there were no changed conditions disclosed by the motion which authorized the commissioner to open the award.   The motion was denied and the defendant then appealed to the Supe-

rior Court where the plaintiff filed a motion to dismiss the appeal on the ground that the ruling of the commissioner was not appealable and that that court therefore had no jurisdiction. The court granted the motion and dismissed the appeal. From this judgment the defendant then appealed to this court.

The ground of the appeal is (a) that the court erred in granting the motion and entering a judgment of dismissal and (b) "in that the award of the compensation commissioner so far as to take effect in the future is subject to revision and the commissioner and the court was in error in allowing the sum of $21 per week instead of $18 per week, the award of $21 per week having been made under and by virtue of an Act of legislation which was unconstitutional and of no force and effect." It is to this second ground of appeal that the brief and argument of the defendant are directed. The motion before the commissioner was to "vacate" the entire award, while the present contention is directed to that portion of the award which is to "take effect in the future." But even as thus modified, a moment's reflection will show that this ground of appeal (b), has, strictly, no place in the present proceedings since it raises a question which was not passed upon by the Superior Court nor involved in its judgment. The only matter decided by the judgment of the court was, that the ruling of a commissioner upon a motion to reopen an award was not appealable and that therefore the court in this case had no jurisdiction to hear the "pretended" appeal. The plaintiff contends that the appeal from the commissioner "had been taken from a motion for a rehearing, for which there was no authority given by statute," and cites the case of *Chzrislonk* v. *New York, N. H. & H. R. Co.*, 101 Conn. 356, 358, 125 Atl. 874, in support of his claim.

We have recently had occasion to comment upon that case, and we pointed out that the motion for rehearing there made was on the ground that the petitioner, at the time of the award, had not been prepared to argue a legal question involved in the award. The commissioner held that the petitioner had had his day in court and that it would be unjust to the opposing party to again hear the parties upon the same question which had already been presented and decided. We further pointed out that in that case no new or changed conditions existed, but that it was desired only to rehear the matter on the same conditions which existed at the original hearing, and that the statute did not make any provision for a rehearing under such circumstances. It was in that sense that the opinion of this court in the *Chzrislonk* case stated that "the appeal had been taken from a motion for a rehearing for which there was no authority given by statute." We added that "while upon the facts in the *Chzrislonk* case, the final result was correct, the generality of the language used in the decision was such that a misconception of its scope might justifiably arise, and in so far as it appears to hold that under no circumstances can an appeal be taken from action by a commissioner upon a motion to open an award, it is overruled." *Wysocki* v. *Bradley & Hubbard Co.*, 113 Conn. 170, 180, 154 Atl. 431. There is ample precedent in this State for appeals from rulings of a commissioner upon a motion to open and modify an award. Of these we may mention *Fair* v. *Hartford Rubber Works Co.* (1920) 95 Conn. 350, 111 Atl. 193; *Grabowski* v. *Miskell* (1921) 97 Conn. 76, 115 Atl. 691; *Storms* v. *New Departure Mfg. Co.* (1922) 97 Conn. 332, 116 Atl. 611; *Hayden* v. *Wallace & Sons Mfg. Co.* (1923) 100 Conn. 180, 123 Atl. 9; *Gonirenki* v. *American Steel & Wire Co.* (1927) 106 Conn. 1, 137 Atl. 26;

*Wysocki* v. *Bradley & Hubbard Co.* (1931) 113 Conn. 170, 154 Atl. 431. Such rulings, if based upon contested matters of fact, the weight to be accorded to newly-discovered evidence, or whether such evidence would be likely to change the result, or whether, notwithstanding such new evidence, it is clear that justice has been done, are generally held to be within the discretion of the commissioner in analogy to motions for a new trial in court cases, and only subject to an appeal where that discretion has been unreasonably or improperly exercised. But where the decision of the motion involves a question of law, the determination of which may affect the rights of the parties as in the present instance, both reason and practice in court, and in compensation cases as well, justify and permit a resort to the appellate tribunal. *Schoonmaker* v. *Albertson & Douglass Machine Co.*, 51 Conn. 387.

The defendant was therefore within his rights in appealing from the ruling of the commissioner and asking a review at the hands of the Superior Court. This review was denied in that court, and the appeal dismissed, and the defendant's appeal to this court from that ruling, only involves of course the correctness of that action of dismissal. Under these circumstances, claimant's counsel were fully justified in limiting their arguments and brief as they have done, to this narrow question whether an appeal lies from the ruling of a commissioner. For the reasons indicated also, we cannot now anticipate or pass upon any other question involved in the commissioner's ruling.

There is error; the cause is remanded to the Superior Court with direction to hear the parties and determine the appeal upon its merits.

In this opinion the other judges concurred.