TERENCE MCGRATH *vs.* THE CRANE COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 2d—decided November 8th, 1934.

*Irving Elson,* for the appellant (plaintiff).

*Philo C. Calhoun,* for the appellee (defendant).

BANKS, J. The plaintiff sought compensation for loss of vision in his right eye resulting from a detached retina. He was employed as a shipping clerk, and his duties required him to pack fittings into bags weighing two hundred to three hundred pounds each, which were carried on a truck up a ramp to a platform upon which they were piled. The handling of the bags was laborious work requiring the exertion of a certain amount of strength, and plaintiff claimed that the detached retina in his right eye resulted from strain in piling the bags on the platform. The commissioner found that the plaintiff gave no history of a definite strain to which the detached retina could be attributed, and dismissed the claim. Plaintiff appealed, and thereafter filed a motion to open the finding and award on the ground of newly discovered evidence. The commissioner heard the evidence offered in support of the motion which he denied. The Superior Court dismissed the plaintiff's appeal, and he assigns as error (1) the refusal to correct the finding of the commissioner, (2) the denial of the motion to open the finding and award.

The commissioner found that during the early part of July, 1932, the plaintiff began to have trouble with his right eye but that he gave no history of a definite strain to which the condition of his eye could be attributed. The plaintiff sought to have these findings stricken out, and to have substituted therefor a finding that on July 25th, 1932, while he was lifting the

bags stars began to shoot out of his right eye, and that on that evening he complained at home about his eye; also a finding that he did give a history of a definite strain to which the condition of his eye was attributed. At the original hearing upon his claim the plaintiff testified that during the early part of July, 1932, he discovered that his sight was failing, but gave no history of any definite strain to which that condition could be attributed. At the hearing, upon his motion to open the finding and award, the plaintiff gave the testimony as to the occurrence on July 25th, which is made the basis of his request for a correction of the finding. It is apparent that this evidence was before the commissioner only in connection with the motion to open the award, and was not available for the purpose of correcting the finding. Upon the finding as made, the commissioner's conclusion that the plaintiff had not sustained an accidental injury arising out of and in the course of his employment was inevitable, and since any correction of the finding is dependent upon the opening of the award and the acceptance of the newly discovered evidence, the determinative question upon the appeal is that of the correctness of the action of the commissioner in denying the motion to open the award.

The motion to open the award is not based upon any change in the extent of the incapacity of the employee or any changed condition of fact since the making of the award, but upon the claim that the plaintiff has, since the making of the award, discovered new evidence which, when heard, will materially affect the decision. The commissioner had the same power to open his award upon that ground as would any court to open its judgment for the same reason, General Statutes, § 5240, and the determination of the plaintiff's motion is governed by substantially the

same principles as in the case of a motion to open the judgment of a court and grant a new trial. *Gonirenki* v. *American Steel & Wire Co.,* 106 Conn. 1, 7, 137 Atl. 26. The action of a court upon a motion for a new trial rests largely within the reasonable exercise of its discretion and will not be overturned unless that discretion has been abused. *Gonirenki* v. *American Steel & Wire Co., supra,* p. 7. The same is true as to the action of a compensation commissioner upon a motion to open his award. *Morisi* v. *Ansonia Mfg. Co.,* 108 Conn. 31, 142 Atl. 393; *Wysocki* v. *Bradley & Hubbard Co.,* 113 Conn. 170, 179, 154 Atl. 431; *O'Hara* v. *Hewlitt Construction Co.,* 113 Conn. 262, 266, 155 Atl. 229. Where it is sought to open the judgment of a court or the award of a commissioner upon the ground of newly discovered evidence, certain limitations are imposed upon the exercise of the power. The evidence must be newly discovered, and not have been discoverable before the trial by the use of due diligence. It must not be merely cumulative, and it must appear that the new evidence would probably be sufficient to change the result. *Hart* v. *Brainerd,* 68 Conn. 50, 54, 35 Atl. 776; *Gonirenki* v. *American Steel & Wire Co., supra,* pp. 5, 6.

The newly discovered evidence here is that of the plaintiff himself, giving a version of the incipiency of the trouble with his eye which differs materially from that given by him in his original testimony, and one which it is claimed supplies a necessary element of proof which the finding and award disclosed to be lacking in the plaintiff's case. As an afterthought of a witness as to some fact omitted from his testimony, or incorrectly stated, it would not ordinarily afford sufficient ground for a new trial. *Gannon* v. *State,* 75 Conn. 576, 583, 54 Atl. 199. It is an offer of the plaintiff himself to add to his testimony to meet a

deficiency in his proof called to his attention by the finding and award, as to a matter which must have been within his knowledge at the time of the original hearing, and which was the subject-matter of his testimony given in response to inquiries as to when and how he discovered that something was the matter with his eye. It was not newly discovered evidence, but rather evidence which was at all times within his possession, and which he could and should have given, if such were the fact, in answer to the specific inquiries made of him upon the hearing on his claim.

Furthermore, the court was clearly right in holding that the new evidence would probably not be sufficient to change the result. The new evidence of the plaintiff was that, on July 25th, while he was lifting the bags, stars began to shoot out of his right eye, that he complained about his eye at home on that evening, and the evidence of persons at his home that he made such complaint. The plaintiff did not testify that the labor of handling the bags on that day involved any strain differing in kind or degree from that involved in their handling on other occasions, nor was there any evidence that the symptoms described by him were symptoms of a detached retina, or such as might reasonably be expected to accompany an injury of that character. Aside from that, none of the medical experts testified that in his opinion it was reasonably probable that there was any connection between the plaintiff's occupation and the detached retina. None of them went farther than to testify that there was a possibility of such connection. Such evidence, standing alone, would not justify a conclusion that plaintiff's employment was the proximate cause of his condition, much less require such conclusion. *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 714, 134 Atl. 259. It is apparent that the commissioner did not

abuse his discretion in denying the plaintiff's motion to open the award.

There is no error.

In this opinion the other judges concurred.