## MARY OLIVIERI
### vs.
## CITY OF BRIDGEPORT
(Appeal from Compensation Commissioner)

Superior Court      Fairfield County      File #53720

MEMORANDUM FILED MARCH 26, 1938.

David Lessler, of Bridgeport, for the Plaintiff.

John V. Donnelly, of Bridgeport, for the Defendant.

CORNELL, J.   The record shows that the Commissioner made an award to the claimant based upon an accident which caused the death of her husband.

The respondent appealed and, in an exceptionally lucid memorandum filed January 25, 1938 the Court (John Rufus Booth, J.) held that upon the "facts found" that as claimant's decedent's employment was that of a relief worker, the claimant was not entitled to compensation, because, in effect, the employment did not arise out of contract.   Accordingly, the appeal was sustained and the award made by the Commissioner vacated.

As noted supra, Judge Booth's decision was predicated upon the Commissioner's finding that when claimant's husband received his fatal injuries he was working "on relief."

The claimant, apparently, does not challenge the correctness of this decision as applied to the Commissioner's finding in the respect mentioned.   Instead, she filed a motion with the Commissioner on or about January 27, 1938 alleging, in effect, that there was evidence before the Commissioner relating to her decedent's employment from which the Commissioner should have found that while the claimant's husband had been employed on "relief work", yet on the particular morning that the accident occurred, he was not so engaged but was working as an ordinary employee.   She moved, therefore, that the Commissioner correct his finding accordingly and by adding certain facts which she alleges are admitted or undisputed.   The Commissioner denied this motion, stating: "This matter has been heard and decided by the Superior Court on.

the Commissioner's Finding and the Commissioner finds that consideration of further corrections and additions as requested, is not proper at this time." The instant appeal is from this ruling and presents an issue of law. *Wysocki vs. Bradley & Hubbard Co.*, 113 Conn. 170. In the cases cited, it was held that the fact that an appeal had been taken and was pending from a finding and award, did not deprive the Commissioner of jurisdiction to reopen and modify the finding.

In the instant case, however, a different situation is presented, for the matter has been finally determined on the appeal in this Court and there is now nothing pending here in respect to it upon which this Court may act. A correction of the finding which was the very basis of the Court's disposition of the matter would, of course, be a vanity under such circumstances.

It is still open to the claimant, if she has ground therefor, to apply to the Commissioner to open and modify or vacate the finding and award under his continuing jurisdiction of the cause, and his refusal to entertain such a motion, or, if he entertain it, his decision upon it, may be the subject of review. *Kowalski vs. N. Y., N. H. & H. R.R. Co.*, 116 Conn. 229; *Kurzaji vs. Warner & Bowman*, 106 id. 90. And see, *Wysocki vs. Bradley & Hubbard Co.*, *supra*; *Schmitt vs. American Brass Co.*, 109 id. 599. Compare, *American Smelting & Refining Co. vs. Industrial Commission (Utah)*, 24 Pac. (2nd) 309.

Appeal dismissed.

---

Memorandum of decision on claimant's motion to reopen and recommit.

CORNELL, J. Claimant makes this motion in conjunction with an appeal to this Court from the Compensation Commissioner's denial of her motion for correction of and additions to the finding. The effort is to have the Commissioner now find on the same evidence, that the claimant's decedent was not a "relief worker" but an employee within the meaning of the Act.

The question of the legal relationship subsisting between the claimant's decedent and the respondent was one essentially to be determined by the Commissioner. According to the finding it was determined and upon the basis of that finding the cause was disposed of and judgment entered on Janu-

ary 25, 1938.

It would appear that the claimant relied upon such findings in urging before this Court that the award made should be sustained.

The instant motion presents none of the reasons under the circumstances which would justify the Court in opening the judgment and vacating it. If a mistake was made by the Commissioner he will most likely be anxious to correct it if the proper motion is presented to him and such motion contains matter which would enable and justify him in doing so.

Motion denied.