This action was brought to a justice of the peace on the 18th day of August, 1939, at 10 o'clock in the forenoon. Issues of fact were joined by the answer, and the case was tried, resulting in a judgment for the plaintiff which was entered on October 16, 1939. A purported appeal to this court was filed by the defendant on October 24, 1939, and the case was docketed here as of the first Tuesday of November, 1939. In due season, the plaintiff filed a plea in abatement on the ground that the appeal was not taken "within one week after the rendition of said judgment."
As was pointed out in a memorandum filed on December 11, 1939, there is a preliminary question of jurisdiction which must be determined before the court may enter a ruling on the plea in abatement.
Under section 5442 of the General Statutes, Revision of 1930, appeals to this court from judgments of justices of the peace and from city, town and borough courts were allowed if taken within one week. This section was amended in 1935 by chapter 188 of the Public Acts, and, as amended, it appeared in the Cumulative Supplement of that year as section 1646c. The last mentioned section was expressly repealed by section 1397e of the 1939 Supplement to the General Statutes, Revision of 1930. While provisions for appeals from judgments of city, town and borough courts were made in section 1364e of the 1939 Supplement to the General Statutes, Revision of 1930, no mention was made of appeals from justices of the peace in the act referred to or in any other. The result is that at present there is no effective statute allowing any appeal from justices of the peace or giving this court any jurisdiction to hear and *Page 506 
determine any case which has been tried and decided by a justice of the peace.
Courts of Common Pleas in Connecticut have a limited jurisdiction as to parties, territory and matter in demand, and "such courts can only exercise their powers in the cases and the manner clearly prescribed by the legislature, and it is imperative that they should proceed in the manner directed by the legislature."Hazzard vs. Gallucci, 89 Conn. 196, 198. See, also,Cinque vs. Boyd, 99 id. 70, 90. Whenever the lack of jurisdiction of a court to hear a case is suggested, this matter must be determined before further steps are taken. Marcil vs. Merriman Sons, Inc., 115 Conn. 678. If no appeal is allowable by law, an attempted appeal must be dismissed, either on motion of one of the parties or by the court on its own motion.Russell Lumber Co. vs. Smith Co., 82 Conn. 517; In re Applicationof Title Guaranty Co., 109 id. 45; Palmer vs.Reeves, 120 id. 405. Jurisdiction of a cause cannot be conferred upon a court by waiver or agreement of the parties. Chzrislonkvs. N. Y., N. H. H.R. Co., 101 Conn. 356; McDonaldvs. Hugo, 93 id. 360.
Counsel in this and another case presenting the same question have been asked to find and submit some statutory authority giving this court jurisdiction to entertain appeals of this kind, but they have been unable to do so. It appears, then that for want of jurisdiction, this case must be dismissed.
The parties have requested that the issues on the plea in abatement be decided without regard to the jurisdictional question, but, as noted above, the court is powerless to proceed along this line where it clearly appears that it has no authority to enter a final judgment, even though the parties are in agreement that it should do so. The absence of a motion to erase or dismiss the proceeding does not affect the duty of the court to dismiss the case, on its own motion, where the attempted appeal has no basis in the statutes.
No question of constitutionality of any of the statutes is involved in this proceeding. No such question has been raised by either of the parties if, indeed, such question could be raised in a proceeding of this character.
It is probably true that the failure of the Legislature to make provision for appeals from decisions of justices of the peace is due to oversight rather than design or intent, inasmuch as appeals *Page 507 
were allowed from city, town and borough courts. However, the remedy for this omission rests with the Legislature and not with the courts. In any community where there is an established minor court, the statutes usually make provision for transfer to such court of any case originally returned to a justice of the peace, and by making use of this procedure, any litigant may insure that the decision of a justice of the peace is not a finality. In other communities, at present, it appears that any such decision may not be appealed from.
 The case is dismissed for want of jurisdiction.