[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 7, 1997
After hearing held on defendant's motion to dismiss, it is hereby Ordered: granted, for the following reasons:
Whether the defendant, pursuant to a policy of insurance issued under the Workers' Compensation Act (Chap. 568, Conn. Gen. Stat.) is liable to the plaintiff for the cost of medical services provided to an injured employee is a question which must be adjudicated by the Workers' Compensation Commission ("All disputes concerning liability for hospital services in workers' compensation cases shall be settled by the commissioner . . .") Sec. 31-294d(d), Conn. Gen. Stat. In short, the validity of the plaintiff's lien and whether the defendant is liable for the charges claimed are issues which the Commissioner must decide. Should there be dissatisfaction with the Commissioner's decision, health insurance legislation authorizes resort to the Superior Court to contest the decision. Sec. 38a-470 (f). Conn. Gen. Stat.
This court is not persuaded, as the plaintiff urges, that the above statute [Sec. 38a-470 (f)] vests in the Superior Court original jurisdiction to decide such issues. Matters which concern compensability and the amount of hospital expenses should first be addressed by the Commission before any appellate review is in order. See Pokorny v. Getta's Garage, 22 Conn. App. 539,547-48 (1990). The plaintiff has failed to exhaust the CT Page 5008 administrative remedy available to it at the Commission, and therefore this court has not obtained jurisdiction to act.Polymer Resources, Ltd. v. Keeney, 227 Conn. 545, 557 (1993). Under these circumstances the court is bound to dismiss the case.Chzrislonk v. New York. N.H. and H.R. Co., 101 Conn. 356, 358
(1924); Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 557 (1987).
GAFFNEY, J.