SAMUEL SEYMOUR vs. DUDLEY P. ELY.

Mandamus from the Superior Court lies to compel an inferior tribunal to perform an official duty to which a party is clearly entitled, and which is refused to him, where no other remedy is appropriate and effectual, and also to compel a judicial or ministerial officer to perform an act which it is the imperative duty of such officer to perform, and with regard to the manner of the performance of which he has no reasonable discretion.

Where a party has a right to the exercise by such an officer of his discretion, and such exercise is refused, such officer may be compelled by mandamus to discharge his duty, but he cannot be controlled in the exercise of his judgment.

S entered into a contract with the selectmen of the town of N to "maintain and keep in a good, sufficient and improved state of repair" certain highways described, the contract containing the following provision: "And for the purpose of determining whether said roads are kept in repair as aforesaid, it is agreed that they shall at all times be subject to the inspection of the superintendent of highways; and if he shall at any time decide that either of the roads is not in a proper state of repair, it shall be the duty of the contractor, upon notification by him thereof, to put such road in repair; and if he shall neglect to do so for four days after such notice, then the superintendent shall cause the same to be repaired at the expense of the contractor; and the selectmen shall, upon the certificate of the superintendent to the effect that the roads have been kept in an improved state of repair, draw an order for the payment of the above sum." Held that the superintendent of highways could not be compelled by mandamus to issue a certificate that the roads had been kept in repair according to the contract, the question whether they had been so kept in repair being one of judgment, and resting wholly with the superintendent.

And the judgment of the Superior Court issuing a peremptory mandamus against the superintendent was reversed as erroneous, although the court found as a fact that the roads had been kept in a proper state of repair under the contract.

APPLICATION for a mandamus; brought to the Superior Court in Fairfield County and tried before *Minor, J.* The court granted a peremptory mandamus, and the respondent moved for a new trial and also filed a motion in error. The facts are sufficiently stated in the opinion. Sundry facts were found, and points made in the argument, that become unimportant in the view of the case taken by the court.

*Smith,* in support of the motions, cited, with regard to the remedy by mandamus, *People* v. *Supervisors of New York,*

18 Abbott, Pr. R., 81; *Morse, petitioner*, 18 Pick., 443, 448; *Harrington* v. *Commissioners of Berkshire County*, 22 id., 263, 268; Moses on Mandamus, 17, 60, 82, 104, 115, 124, 177, 191.

*Seeley* and *Woodward*, contra, cited upon the same point, 1 Swift Dig., 563; *Waldron* v. *Lee*, 5 Pick., 323; *Chase* v. *Blackstone Canal Co.*, 10 id., 244; *Carpenter* v. *Commissioners of Bristol County*, 21 id. 258; *Harrington* v. *Commissioners of Berkshire County*, 22 id., 263; *People* v. *Tremain*, 17 Howard Pr. R., 10; *People* v. *Collins*, 19 Wend., 68.

PHELPS, J. The relator is one of several contractors with the selectmen of the town of Norwalk for the repair of certain specified sections of the highways of that town, and the respondent superintendent of those highways, duly elected by the inhabitants of the town as one of their annual officers under a special act of the General Assembly authorizing and providing for the election of · such an officer by that town. This act confers upon the superintendent all the power with reference to the highways of the town which the law gives to ordinary surveyors of highways, and makes those officers subordinate to him.

The alleged grievances of the relator mostly pertain to a time which appears from the record to have been embraced in the incumbency of the respondent's predecessor, but as this fact does not affect the legal status of the parties, we shall consider the case as if the respondent had occupied his official position during the two preceding years.

By a legal vote of the town of Norwalk in force at the time the questions in this cause arose, the powers and duties of the superintendent were prescribed and defined, and it was therein, among other things, provided that all contracts should be conditioned to keep the roads and bridges of the town in repair to the acceptance of the superintendent of highways, and all his directions and decisions should be conclusive on the parties.

In the contract between the relator and the selectmen, he

Seymour *v.* Ely.

covenanted and agreed to have, maintain and keep, in a good and sufficient and improved state of repair, according to the travel thereon, the particular sections of highways therein named ; and for the purpose of determining whether they were in fact kept in such repair, it was agreed that said sections should be at all times subject to the inspection of the super-intendent, and if he at any time decided that they were not in a proper condition he should notify the relator, and give him a certain reasonable time in which to discharge his duty with respect to them, and if he neglected or refused the superintendent should cause the needful repairs to be made at his expense; and it was further agreed that the selectmen, upon receipt of the certificate of the superintendent that said sections had been kept in an improved state of repair, should draw orders on the town treasurer at certain times, for cer-tain specified installments of the amount due the relator by virtue of the contract.

The superintendent declined and refused to issue such cer-tificate, except subject to the deduction of the amounts which had been expended on said sections in consequence of the alleged default of the relator to perform his work in a man-ner acceptable to the superintendent, which amounts the re-lator refused to deduct; and this application is brought to compel the respondent to issue to the relator an unqualified certificate that he had in fact kept said sections of highways in an improved state of repair within the true intent and meaning of the contract.

In our view of the case the only point presented by the record which we need determine, is that in which is involved the enquiry whether the respondent's official character and duties are such as to require of him, in the proper perform-ance of those duties, the exercise of reasonable judgment and discretion, dependent upon facts and circumstances ; and whether, after having ·conscientiously exercised such judgment and discretion, his determination in the premises can properly be reviewed by the Superior Court in a proceed-ing of this character.

Mandamus from the Superior Court lies to compel an infe-

rior tribunal to perform an official duty to which a party is clearly entitled and which is refused to him, when no other remedy is effectual and appropriate, as to appoint an auditor, allow an appeal, render a judgment and the like; and also to oblige a judicial or ministerial officer to perform an act which it is the imperative duty of such officer to perform, and with regard to the manner of the performance of which he has no reasonable discretion.

When the right to the exercise of discretion exists, and its exercise in a proper case is refused, the magistrate or officer may be compelled to the discharge of his duty and the exercise of his judgment; but in the particular mode of its exercise he must be left free from coercion and restraint.

In a small number of exceptional cases dependent upon peculiar circumstances, and scattered through other jurisdictions, it has been held that an inferior court which had exercised a discretion improperly, or performed a duty which involved discretion wrongfully, could be required by this process to give that discretion a different effect, but the policy of such adjudications has never received the approbation of this court. On the other hand it has steadily resisted the recognition of the expediency of attempting to review by the Superior Court the discretion of strictly ministerial officers, when they have acted deliberately and clearly within the scope of their legitimate authority, although they may sometimes have discharged their duty mistakenly; except in those cases where the power of revision is expressly conferred by statute through a proceeding in the nature of a review or an appeal.

In the case of *Goddard* v. *Town of Seymour*, 30 Conn., 395, which was an action of assumpsit to recover the amount of certain taxes which were claimed to have been unlawfully assessed by an irregular and excessive valuation of the plaintiff's property, and an improper alteration of his tax list, the court say with respect to assessors and boards of relief, that " the law has constituted these officers, and not the judges of the Superior Court, the tribunal to determine the value of taxable property."

In the still more recent case of *Freeman* v. *The Selectmen of New Haven,* 34 Conn., 406, it was held that the Superior Court had no power by mandamus to control the action of the selectmen and town clerk in deciding upon the qualifications of persons applying to be admitted as electors. In that case the applicant distinctly based his claim to the remedy which he sought, upon the ground that he was wrongfully and unjustly denied and deprived of a valuable and important right, and had no other remedy; but the court, as one of the reasons for their decision, held that the value to the applicant of the personal redress which might be furnished him would be an inadequate equivalent for the danger to the public interests which would be occasioned by opening a door to the litigation which would necessarily follow a decision sustaining the application.

This was the first case in which the question with respect to the propriety on mandamus of revising the action and reviewing the discretion of such a board, even when claimed to have been arbitrarily performed and unjustly exercised, came before this court; but it had been twice before the Superior Court in similar proceedings, in which the claim to redress had been placed on the same ground, and the question had been determined in the same way by *Seymour, J.,* in Middlesex County, and by *Phelps, J.,* in New Haven County, and those determinations, though made in very excited cases, had been acquiesced in and accepted as sound and correct interpretations of the law on this subject.

A board for the admission of electors may be said, with respect to the general principles on which we dispose of this case, to stand upon higher ground than that of an ordinary ministerial officer, because the constitution of the state provides that they shall decide upon the qualifications of candidates for the elector's franchise, and that by virtue of the constitutional provision, and also of those of the general statutes, they are with respect to their duties, invested with at least quasi judicial authority.

While the full force of this distinction may be conceded, the weight of authority fully sustains the doctrine that a

purely ministerial officer, provided the manner of the discharge of his official duty is dependent upon judgment and discretion, cannot in their exercise be controlled by mandamus. *United States* v. *Guthrie*, 17 Howard, 304; *Decatur* v. *Paulding*, 14 Peters, 499; *Rice* v. *Commissioners of Middlesex County*, 13 Pick., 225; *Chase* v. *Blackstone Canal Co.*, 10 id., 244; *Smith* v. *City of Boston*, 1 Gray, 72; *Wilson v. Supervisors of Albany*, 12 Johns., 414; *Freeman* v. *Selectmen of New Haven*, 34 Conn., 406.

In view of the foregoing, and other cases which might be cited, we are satisfied that the claim of the relator is not aided by the finding of the Superior Court that the sections of highway in question were in the judgment of the court kept in an improved state of repair, and that the court improperly admitted the evidence on which that finding was predicated. And when we consider that the record discloses the facts that the respondent was an annual officer of the town, and by the express stipulation of the contract between the parties constituted, within the line of his appropriate official duty, their sole arbiter and judge to authoritatively and finally, upon proper examination, determine the question of the sufficiency of the relator's performance of his work, and only in the event of the *bonâ fide* formation by him of a certain deliberate opinion to issue his official certificate to the relator, and that he in fact entertained and adjudicated the point in issue adversely to him, we are relieved of all uncertainty with regard to the correctness of the result to which we have arrived.

The respondent is entitled upon both his motions to the judgment of this court.

There is a manifest error, and a new trial is advised.

In this opinion the other judges concurred; Judge GRANGER of the Superior Court sitting in the place of Judge BUTLER, who was disqualified by interest as an inhabitant of the town of Norwalk.