ROBERT COVEY *vs.* HONISS OYSTER HOUSE, INC., ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 13th—decided July 25th, 1933.

*John C. Blackall,* with whom, on the brief, was *Farrell J. Leroy,* for the appellants (defendants).

*Edward J. Daly,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff suffered an injury arising out of and in the course of his employment by the defendant Oyster House and, under a voluntary agreement approved by the commissioner, has been receiving workmen's compensation.   The sole issue presented by this appeal is the correctness of an award to the physician and surgeon who attended him as a

result of the injury, of charges amounting at the last hearing before the commissioner to $1265. The statute provides that the pecuniary liability of an employer for medical and surgical service under the Act "shall be limited to such charges as prevail in the same community or similar communities for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured persons." General Statutes, § 5232. The injury to the plaintiff consisted of a puncture wound in the thigh, resulting in a ruptured artery and vein, and was very serious, requiring careful treatment and very close attention and involving various blood transfusions and operations. It is not contended that, apart from the provisions of the statute as to the standard upon which the charges are to be awarded, the bill was not a reasonable one for the services rendered.

At the time of the hearing, the plaintiff was a minor living at home in a two-family house in a respectable neighborhood in the city of Hartford. The family living at the home consisted of the following persons: His father, fifty-eight to sixty years old, out of work at the time because of industrial conditions but previously employed as a mechanic; his mother, who was housekeeper; a sister, unmarried, employed as an assistant in a doctor's office; a brother, unmarried, a member of the fire department and earning $39 to $40 a week; two brothers, both employed as truck drivers, one of whom was married and expected soon to set up housekeeping for himself; and two other brothers not working, one because of an injury and the other still in school. Another brother, married and with three children, was in business for himself, making $35 to $40 a week, the first selectman and a justice of the peace in the town of East Hartford, and able and willing to discharge any liabilities that might be in-

curred in connection with the plaintiff's injuries. The family was a typical American family under present industrial conditions. In addition to these facts, the commissioner had before him as witnesses two doctors, one of twenty-seven years' experience, both of whom testified that the charges made in the case were such as prevail in the community when a person of a standard of living like that of the plaintiff must personally pay for like medical and surgical treatment.

The purpose of the statute is to prevent charges for medical and surgical services to an injured employee being made at a higher rate than they otherwise would be because they are to be paid by the employer or his insurer. The statute directs that the charges be the same as they would be if made to persons of a like standard of living as the employee. It does not make the basis of the charges the ability of the employee to pay them, or that of others obligated to discharge them or likely voluntarily to assume them; indeed, it does not make the basis the amount which would be charged the injured employee, into which his ability to pay or that of others legally or morally chargeable would often largely enter. These circumstances are relevant only as they may be fairly reflected in the standard of living of the employee. The statement in the commissioner's finding that there may be some duty upon other members of his family to pay for necessary medical treatment is not of consequence, even though it was erroneous. General Statutes, § 1717. The statute leaves to the commissioner the determination of the amount properly to be awarded, and unless in fixing that amount he abuses the discretion thus reposed in him, by acting unreasonably or violating some rule of law or otherwise, his determination is final. Certainly on this record we cannot say that the commissioner might not properly have reached the

conclusion that the charges in question were within the terms of the statute. The award must therefore stand.

There is no error.

In this opinion the other judges concurred.