### State ex rel. Chester R. Golembeske
### *v.* Louis White et al.

House, C. J., Cotter, MacDonald, Bogdanski and Longo, Js.

Argued November 14, 1974—decision released April 8, 1975

*Sidney Vogel,* for the appellants (defendants).

*Harry Cohen,* with whom was *Andrew Wittstein,* for the appellee (plaintiff).

Longo, J. This appeal arose out of an action instituted by Chester R. Golembeske, hereinafter referred to as the plaintiff, against the board of selectmen of the town of New Milford for an order of mandamus to compel the defendants to provide a location within the town for the disposal of sanitary wastes or to make provision for the disposal of such wastes outside the town and to pay all permit fees and service charges incurred thereby. The action was brought to obtain enforcement of the provisions of General Statutes § 19-524n, which requires each municipality to "make provisions for the safe and sanitary disposal of all solid wastes generated within its boundaries . . . . Such disposal may be in areas within its own boundaries or arrangements may be made for the disposing of these wastes in any other municipality." From the judgment in favor of the plaintiff granting mandamus the defendants have appealed to this court.

The defendants have attacked (1) the court's finding of facts and its conclusions that the town was not in compliance with General Statutes § 19-524n; (2) the jurisdiction of the Superior Court because of the alleged failure of the plaintiff to exhaust his administrative remedies; (3) the remedy of mandamus, claiming it to be improper; and (4) the propriety of the order compelling the town to provide facilities at public expense for private business.

A finding of fact is tested by the evidence printed in the appendices to the briefs. *Brighenti* v. *New Britain Shirt Corporation,* 167 Conn. 403, 405, 356 A.2d 181. An examination of the appendices reveals that the plaintiff engages in the business of installing and cleaning septic tanks in New Milford and that, owing to changes in circumstances not relevant to the present appeal, he had no place to dispose of his septic tank pumpings within the town's boundaries. Testimony by a defendant select-man amply justifies the finding that the town had "done little or nothing to comply with the statute" in the present case other than to make some inquiries, and that the town did not make any arrangements for the disposal of the solid wastes. The record does disclose that at the time of trial the town of New Milford was engaged in the design and erection of a public disposal system for the handling of solid wastes, including septic tank pumpings, "but it is not expected that such plant will be operational before June 30, 1976 at the soonest."

The trial court's conclusions are to be tested by the finding; they must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Griffith* v. *Security Ins. Co.,* 167 Conn. 450, 454–55, 356 A.2d 94. Pursuant to the facts properly found, the court was justified in concluding that the town was not in compliance with the statute which flatly requires a municipality to make provisions for the disposal of solid wastes.

The defendants assign error in the denial of their motion to erase for want of jurisdiction, grounding their claim on the doctrines of primary jurisdic-

tion and exhaustion of administrative remedies. Although the two doctrines of primary jurisdiction and exhaustion of remedies are not congruent, it is true that neither can operate to oust a litigant from the courts where no adequate remedy may be had by resort to the administrative process. The doctrine of primary jurisdiction is invoked only to determine who will initially decide an issue; 3 Davis, Administrative Law Treatise § 19.01; it cannot operate to divest a court of its ultimate jurisdiction. E.g., *United States* v. *Philadelphia National Bank,* 374 U.S. 321, 353, 83 S. Ct. 1715, 10 L. Ed. 2d 915; *General American Tank Car Corporation* v. *El Dorado Terminal Co.,* 308 U.S. 422, 432–33, 60 S. Ct. 325, 84 L. Ed. 361. Primary jurisdiction is applied in order to ensure that an orderly procedure will be followed, whereby the court will ultimately have access to all the pertinent data, including the opinion of the agency. *Far East Conference* v. *United States,* 342 U.S. 570, 574–75, 72 S. Ct. 492, 96 L. Ed. 576. The aim is to prevent disjointed, uncoordinated, and premature decisions affecting policy. Ibid. In the present case, the department of environmental protection has failed to promulgate regulations governing solid waste management, despite the clear requirements of §§ 19-524c and 4-176 (prior to the adoption of Public Acts 1973, No. 73-620, § 8), so as to provide a party the means of securing the implementation of provisions directly affecting him.[1] Consequently, the plaintiff in the present case was bereft of administrative

---

[1] The Uniform Administrative Procedure Act, General Statutes §§ 4-166—4-189, has provision for the issuance of emergency regulations if the "agency finds that an imminent peril to the public health, safety, or welfare requires adoption of a regulation upon fewer than twenty days' notice." § 4-168 (b). This provision is not applicable to the present case because the peril is not public but

remedy and had no alternative but to seek relief by way of judicial process. *Rosado* v. *Wyman,* 397 U.S. 397, 406, 90 S. Ct. 1207, 25 L. Ed. 2d 442; *Corsino* v. *Grover,* 148 Conn. 299, 308, 170 A.2d 267; 3 Davis, op. cit. § 19.07.

The doctrine of exhaustion of remedies concerns the jurisdiction of a court to hear an appeal from a decision of an administrative body. 3 Davis, op. cit. § 20.01. This is not applicable to the present case because no decision was issued by, sought for or available from the department of environmental protection, and hence no question of appealability arises. It should be noted, however, that courts will not require the exhaustion of administrative remedies where no such adequate remedies exist. *Bianco* v. *Darien,* 157 Conn. 548, 554, 254 A.2d 898; 3 Davis, op. cit. § 20.07.

We next consider the claim that mandamus was not the proper remedy in this case. It has long been recognized that the writ of mandamus is an extraordinary remedy. *Marbury* v. *Madison,* 5 U.S. (1 Cranch) 137, 2 L. Ed. 60. "The writ of mandamus is designed to enforce a plain positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy." *State* v. *New Haven & Northampton Co.,* 45 Conn. 331, 343; see *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 517, 356 A.2d 109; 2 Antieau, Municipal Cor-

private in that the plaintiff would have to bear additional costs or cease business operations in the municipality. Ordinarily, an agency should be required to issue emergency regulations only in case of public necessity in order that its considerations be prudently and thoroughly concentrated upon the public purpose rather than clouded by private exigencies. See *Rommell* v. *Walsh,* 127 Conn. 16, 21, 22, 15 A.2d 6.

poration Law § 16.18. General Statutes § 19-524n unmistakably imposes the duty upon a town to make provisions for the safe and sanitary disposal of all solid wastes generated within its boundaries, a burden which the defendants did not meet. *Waterbury Teachers Assn.* v. *Furlong,* 162 Conn. 390, 294 A.2d 546; *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 176, 224 A.2d 236. Consequently, the plaintiff, who was directly injured by this failure, had a clear legal right to have the duty performed. See *Flora Crane Service, Inc.* v. *Ross,* 61 Cal. 2d 199, 390 P.2d 193; *Adair County Excise Board* v. *Board of County Commissioners,* 438 P.2d 484 (Okla.); compare *Beem* v. *Davis,* 31 Idaho 730, 175 P. 959; *Colabufalo* v. *Public Buildings Commissioner,* 332 Mass. 748, 127 N.E.2d 564. In order that another remedy be adequate, it must be equally complete and completely practical. *Milford Education Assn.* v. *Board of Education,* supra; *State* v. *Erickson,* 104 Conn. 542, 545, 548–49, 133 A. 683; *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 618, 132 A. 30; see *Wofford* v. *Porte,* 212 Ga. 533, 93 S.E.2d 690; *State ex rel. Keystone Laundry* v. *McDonnell,* 426 S.W.2d 11, 15 (Mo.). As described above, the plaintiff has no adequate administrative remedy. *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 13, 37 A.2d 689. Nor were there any legal remedies as complete or practical, under the circumstances of this case, as the remedy of mandamus, owing to their uncertain, limited, and delayed nature.

It has been said that mandamus will lie only to enforce ministerial, but not discretionary, duties. *State ex rel. Scala* v. *Airport Commission,* supra, 176; *Hannifan* v. *Sachs,* 150 Conn. 162, 167, 187 A.2d 253; *State ex rel. Quintard Land Co.* v. *Hagan,* 123

Conn. 383, 385, 195 A. 616; *State* v. *Staub,* 61 Conn. 553, 568, 23 A. 924. More precisely, mandamus will lie even if the exercise of the duty involves discretion, so long as existence of the duty is ministerial, and provided that the order issued does no more than require the duty to be performed, leaving the manner of its performance to the good-faith discretion of the official charged. *State* v. *Erickson,* supra; *State ex rel. Foote* v. *Bartholomew,* supra, 614, 618; *Seymour* v. *Ely,* 37 Conn. 103, 106; 17 McQuillin, Municipal Corporations (3d Ed.) § 51.16. The judgment in the present case does no more than to remind the defendants of the law and to direct them to comply without imposing any fetters on deciding the means most appropriate. *Evening Sentinel* v. *National Organization for Women,* 168 Conn. 26, 29, 357 A.2d 498.

Finally, we come to the defendants' assertion that the second alternative ordered by the mandamus—that the town pay the necessary fees should it decide not to provide the plaintiff a place to dispose of the solid wastes within the town's boundaries—should be barred on the ground that it constitutes an unauthorized public subsidy of private business which would create added public expense. *Derby* v. *Water Resources Commission,* 148 Conn. 584, 172 A.2d 907. It is clear that where a statute has a public purpose, such as the public health and safety, it is not to be rendered ineffectual merely because a private individual who would gain an incidental benefit seeks to have it enforced. See *Peterson* v. *Norwalk,* 150 Conn. 366, 377, 190 A.2d 33. The trial court's interpretation of § 19-524n, to require the payment of fees and service charges, is entirely logical in the absence of any claim or showing that such fees and charges

are unreasonable or discriminatory. The requirement is consistent with the principle that mandamus is controlled by equitable principles. *Sullivan* v. *Morgan,* 155 Conn. 630, 236 A.2d 906; see *United States ex rel. Greathouse* v. *Dern,* 289 U.S. 352, 359, 53 S. Ct. 614, 77 L. Ed. 1250.

There is no error.

In this opinion the other judges concurred.