[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
This is an action between a medical care provider and its patient's employer. Plaintiff brings this action to recover the amount claimed due it for care rendered to the named defendant's employee. The care was for an injury subject to the Workers' Compensation Act. C.G.S. 31-275 to 31-355.
Defendant has moved to dismiss claiming "the court lacks jurisdiction over the subject matter of this action." Motion To Dismiss. [10] Defendant has amplified it's stance —
"Since this action arises out of a dispute regarding the CT Page 302 fees of the plaintiff . . . for services rendered to a person receiving workers' compensation benefits and Connecticut General Statutes Section 31-327 et seq., provides that the fees of medical providers shall be subject to the approval of the commissioner, the defendants, respectfully move this honorable court to dismiss the plaintiff's substituted complaint . . . ." Memorandum of Law, p. 2
Section 31-327 provides:
 "Award of fees and expenses. Whenever any fees or expenses are, under the provisions of this chapter, to be paid by the employer or insurer and not by the employee, the commissioner may make an award directly in favor of the person entitled thereto, which award shall be filed in court, shall be subject to appeal and shall be enforceable by execution as in other cases. Such award may be combined with an award for compensation in favor of or against the injured employee or the dependent or dependents of a deceased employee or may be the subject of an award covering only such fees and expenses."
Section 31-319 states that "all fees of attorneys, physicians, podiatrists or other persons for services under this chapter shall be subject to the approval of the commission."
These statutes suggest dismissal may be appropriate; standing alone they do not dictate dismissal.
If there is an appropriate procedure available at the Worker's Compensation Commission, dismissal may well be in order.
 "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. Connecticut Life Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 358-59, 377 A.2d 1099 (1977); State ex rel. Golembeske v. White, 168 Conn. 278, 282, 362 A.2d 1354
(1975); see 3 Davis, Administrative Law 20.01; General Statutes 4-175, 4-183. Connecticut Mobile Home Assn., Inc. v. Jensen's, Inc., 178 Conn. 586, 588, 424 A.2d 285 (1979). Cummings v. Tripp, 204 Conn. 67, 75, 527 A.2d 1230 (1987).
 "Because the exhaustion doctrine implicates subject matter jurisdiction, we must decide as a threshold matter whether that doctrine requires dismissal of the plaintiffs' CT Page 303 claim. The issue of subject matter jurisdiction can be raised at any time including on appeal. Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon. Cahill v. Board of Education, 198 Conn. 229, 238, 502 A.2d 410 (1985) (Cahill II); East Side Civic Assn. v. Planning Zoning Commission, 161 Conn. 558, 559, 290 A.2d 348 (1971); Carten v. Carten 153 Conn. 603, 610, 219 A.2d 711 (1966). Moreover, whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to its previous rulings. Chzrislonk v. New York, N. H. H.R. Co., 101 Conn. 356, 358, 125 A. 874
(1924). Cahill II, supra. If the trial court had no jurisdiction because the plaintiffs had failed to exhaust their administrative remedies, the action must be dismissed." (Internal quotations marks omitted) Concerned Citizens Of Sterling v. Town of Sterling, 204 Conn. 551, 556-7 (1987).
It is equally important to note "that a party is not required to exhaust an inadequate administrative remedy." Id @ 558.
Plaintiff maintains the Workers' Compensation Commission "does not provide a resolution of disputes between a medical provider and the employer/insurer." Plaintiff further says "it is not precluded from pursuing remedies for collection of its bills in the courts." Objection To Motion To Dismiss, 1 and 2, p. 1. [105]
In its brief, plaintiff states "there is no provision in the Workers' Compensation Act for the resolution of disputes between the physician and the employer in the context of the workers' compensation court. There is nothing in the Workers' Compensation statutes that provides that a physician has a remedy in the Workers' Compensation Court." Memorandum In Opposition To Motion To Dismiss, p. 3-4. [105.50]
The court partially agrees with plaintiff. There is no express provision in the Workers' Compensation Act providing or directing a procedure for a medical care provider to petition the workers' compensation court for redress against an employer liable for his bill. Curiously, another statute specifically states that disputes regarding liability for hospital bills shall be settled by the commissioner.
 ". . . The pecuniary liability of the employer for the medical and surgical service herein required shall be limited to such charges as prevail in the same community CT Page 304 or similar communities for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured person; but the liability of the employer for hospital service shall be the amount it actually costs the hospital to render the service, such amount to be determined by the commissioner except in the case of state humane institutions, liability of the employer shall be the per capita cost as determined by the comptroller under the provisions of section 17-295. All disputes concerning liability for hospital services in workers' compensation cases shall be settled by the workers' compensation commissioner in accordance with this chapter." [Underlining added.] C.G.S. 31-294(c)
But that is not dispositive.
The commission has had a regulation since 1973 which provides:
 "All charges for medical, surgical, hospital and nursing services, except those for expert testimony, shall be solely the responsibility of the employer or carrier, and no claim will be made against the injured employee for all or part of the fees." Conn. Dept. Regs. 31-279-9.
The Commission also has a regulation authorizing a list of "approved" medical care providers and to establish an "approved" schedule of fees for the various services. Conn. Dept. Regs.31-279-7 and 31-279-8.
The Supreme Court has held recently that "under our Workers' Compensation Act the employee is relieved of any responsibility for his medical bills from the outset, leaving the employer and the provider of the medical care as the sole interested parties in any dispute concerning medical bills." Pokorny v. Getta's Garage,219 Conn. 439, 458 (1991)
There is nothing in the statutes or the regulation of the Commission providing a means for the resolution of claims as are the subject of this case. Defendant has not stated or suggested there is such a means.
In Covey v. Honiss Oyster House, Inc., 117 Conn. 282 (1933), the Supreme Court upheld a commissioner's determination of the amount of a physician's fee. That opinion does not show how the dispute between the physician and the employer got before the CT Page 305 commissioner. However, each page of the Supreme Court Records Briefs concerning the case starts with the heading: "Robert Covey vs. Honiss Oyster House, Inc.; Respondents' Appeal From Compensation Commissioner In Re Petition of Dr. Dunne." A-41 Supreme Court Records Briefs 501 et. seq. In a brief filed on behalf of Dr. Dunne, the following sentence appears:
 "Dr. Dunne rendered a bill for his services rendered and as it was not paid, he asked for a hearing before the Compensation Commissioner." Petitioner's (Appellee's) Brief, A-41 Supreme Court Records Briefs @ 516.
At least in that case, 60 years ago, a medical care provider successfully petitioned the commissioner for a resolution of his claim against an employer for his fee. The court has no idea what the statutes provided at that time or how and under what authority the physician petitioned the commissioner.
On July 2, 1992, the Chairman of the Workers' Compensation Commission wrote to the Chief Court Administrator. The letter stated:
 "Any writ including a small claims writ filed by a physician for medical provider for unpaid medical services should be carefully reviewed by your staff.
 "The Workers' Compensation Act provides that an employee injured or disabled as a result of an incident which arose out of or in the course of employment is entitled to payment for medical, surgical, hospital or nursing services causally related to the work related injury or disability. Payment of such fees for these services is the responsibility of the employer or insurer against whom liability exists and is subject to the approval of the Workers' Compensation Commissioner. See: P.A. 91-339, S. 48 and Sec. 31-327 C.G.S. (formerly Sec. 31-319 C.G.S.)
 "As the approval for medical services provided by Workers' Compensation Act lies within the jurisdiction of the Workers' Compensation Commission, your acceptance of any writs relating to an unpaid medical bill in a workers' compensation matter should not be accepted, except in those cases where the medical service is unauthorized or the injured employee refuses medical, surgical and hospital or nursing service provided by his employer and provides the same at his own CT Page 306 expense. See: P.A. 91-32, S. 13 and P.A. 91-339, S. 48 (formerly Sec. 31-294(c))." Letter to The Honorable Aaron Ment, Chief Court Administrator from Jesse Frankl, Chairman, Workers' Compensation Commission, July 2, 1992.
Chairman Frankl's letter does not state directly that there is a procedure in the Worker's Compensation Commission for resolution or this type of case, or what the procedure or remedy is. However, the court infers that there is a procedure by which the Workers' Compensation Commissioners determine these disputes.
The Workers' Compensation Commission is an administrative agency. Usually such an agency has those powers expressly granted by statute and by implication those necessary to carry out the expressly granted powers and duties.
 "In the construction of a grant of powers, it is a general principle of law that where the end is required the appropriate means are given and that every grant of power carries with it the use of necessary and lawful means for its effective execution. There is therefore conferred by necessary implication every power proper and necessary to the exercise of the powers and duties expressly given and imposed.
 "An administrative agency has, and should be accorded, every power which is indispensable to the powers expressly granted, that is,;those powers which are necessarily, or fairly or reasonably, implied as an incident to the powers expressly granted." [Footnotes omitted] 1 Am.Jur.2d. Administrative Law, 44. p. 846.
The sparse record does not disclose that the plaintiff attempted to get the relief it seeks at the Commission and was turned away because the Commission did not, and would not, entertain claims such as the plaintiff's. Defendant has not pointed out or suggested any way by which the plaintiff can have this claim determined by the Commission. The court's own study of the applicable statutes and regulations has found no expressly defined procedure by which the Commission is to determine disputes such as this one. The court infers that there is such a procedure.
If the court were convinced there is an adequate remedy for determination of the dispute in the Workers' Compensation Commission, dismissal would be warranted. On the abbreviated record before the court, it would be inappropriate to dismiss this CT Page 307 action. Until there is a definitive record establishing whether there is or is not such a procedure at the Workers' Compensation Commission, the court cannot dismiss this action.
The Motion To Dismiss is denied.
PARKER, J.