[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 12875
The defendant, Statewide Grievance Committee, has filed a Motion to Dismiss this action on the grounds that the plaintiff has failed to exhaust administrative remedies. For the reasons set forth below, the Motion to Dismiss is granted.
Factual and Procedural Background
On September 17, 1996, Alfred Rioux filed a grievance complaint against Timothy Brignole, an attorney. The grievance complaint claimed that Brignole had violated Rule 3.6 of the Rules of Professional Conduct by engaging in extrajudicial statements to the media concerning Mr. Rioux. Mr. Rioux had made those same claims in a Motion to Disqualify Attorney Brignole in an action entitled, Joseph Antinerella v. Alfred J. Rioux,
CV-94-538919 S, Judicial District of Hartford/New Britain at Hartford, in which Attorney Brignole represented Joseph Antinerella. The court, Hale, J., denied the Motion to Disqualify without decision.
Pursuant to Practice Book § 27F(a)(1), the Statewide Bar Counsel forwarded the complaint to the Hartford-New Britain Judicial District, Geographical Areas 13 14 Grievance Panel. On December 10, 1996, the grievance panel filed its determination of no probable cause of misconduct with the Statewide Grievance Committee. On January 16, 1997, the reviewing committee of the Statewide Grievance Committee reviewed the record and found, contrary to the determination of the grievance panel, that there was probable cause for a violation of Rule 3.6 of the Rules of Professional Conduct. The matter was scheduled for hearing on June 5, 1997 and July 3, 1997. The hearing were continued at the request of Attorney Brignole. One June 12, 1997 Attorney Brignole filed a Motion to Dismiss, relying on Practice Book § 27F(a)(2)(F), which provides:
 (a) Any person, or a grievance panel on its own motion, may file a written complaint alleging attorney misconduct whether or not such alleged misconduct occurred in the actual presence of the court. Complaints against attorneys shall be filed with the statewide bar counsel. Within seven days of the receipt of a complaint the statewide bar counsel shall review the complaint and process it in accordance with paragraphs (1) or (2) as follows:
CT Page 12876
 (2) refer the complaint to the chairperson of the statewide grievance committee or an attorney designee of the chairperson and to a non-attorney member of the committee, and the statewide bar counsel in conjunction with the chairperson or attorney designee and the non-attorney member, shall if deemed appropriate, dismiss the complaint on one or more of the following grounds:
. . . .
 (F) the complaint alleges misconduct occurring in a pending superior court, appellate court or supreme court action and the court has not been made aware of the allegations or in which the court has been made aware of the allegations of misconduct and has not referred the matter to the statewide bar counsel or statewide grievance committee;
Emphasis added.
By letter dated July 17, 1997 the reviewing committee advised Attorney Brignole that it was denying his request to limit the scope of the August 7, 1997 hearing to the Motion to Dismiss. Prior to August 12, 1997 Attorney Brignole filed the present action which seeks to enjoin the Statewide Grievance Committee from conducting any further hearings on Albert Rioux's complaint against Attorney Brignole and `[t]hat each and all of the Defendants be required to dismiss the subject grievance."
Discussion of the Law and Ruling.
 "`It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. Connecticut Life Health Ins. Guaranty Assn. v. Jackson. 173 Conn. 352, 358-59, 377 A.2d 1099
(1977): State ex rel. Golembeske v. White, 168 Conn. 278, 282, 362 A.2d 1354 (1975); see 3 Davis, Administrative Law 20.01; General Statutes 4-175, 4-183.' Connecticut Mobile HomeCT Page 12877 Assn., Inc. v. Jensen's, Inc., 178 Conn. 586, 588, 424 A.2d 285 (1979)." Cummings v. Tripp, 204 Conn. 67, 75, 527 A.2d 230 (1987). "Because the exhaustion doctrine implicates subject matter jurisdiction, we must decide as a threshold matter whether that doctrine requires dismissal of the plaintiff['s] claim." Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987). "`"Whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to its previous rulings." `Chzrislonk v. New York N. H. H.R. Co., 101 Conn. 356, 358, 125 A. 874 (1924)." Cahill v. Board of Educution, 198 Conn. 229, 238, 502 A.2d 410 (1985)
 "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." Concerned Citizens of Sterling v. Sterling, supra, 557; Connecticut Life Health Ins. Guaranty Assn. v. Jackson, supra. "The doctrine of exhaustion `furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review.' Watergate II Apartments v. Buffalo Sewer Authority, 46 N.Y.2d 52, 57, 385 N.E.2d 560, 412 N.Y.S.2d 821 (1978)." Cahill v. Board of Education, supra, 242.
Pet v. Department of Health Services, 207 Conn. 346, 350, 351,542 A.2d 672 (1988).
While the Statewide Grievance Committee is not governed by the Administrative Procedures Act, the Connecticut Supreme Court has found that the judicial review of disciplinary matters involving an attorney's law license should be addressed with the same legal process afforded other professionals in disciplinary matters before licensing and disciplinary boards. Pinsky v.Statewide Grievance Committee, 216 Conn. 228, 578 A.2d 1075
(1990): Sobocinski v. Statewide Grievance Committee,215 Conn. 517, 576 A.2d 532 (1990).
The plaintiff seeks dismissal of the ethics complaint against him, which is a remedy the Statewide Grievance Committee is able CT Page 12878 to provide. Other remedies available to the plaintiff are judicial review of a decision to reprimand the plaintiff pursuant to Practice Book § 27N and a de novo court trial and appellate review of a decision by the Statewide Grievance Committee to present the plaintiff to the Superior Court. Practice Book § 31; Statewide Grievance Committee v.Presnick, 215 Conn. 162, 575 A.2d 210 (1990).
The plaintiff must resort to the foregoing remedies unless his case falls within very limited exceptions to the exhaustion doctrine. One such exception is where recourse to the administrative remedy would be futile or inadequate: Greenwich v.Liquor Control Commission, 191 Conn. 528, 541-42, 469 A.2d 382
(1983). As noted above, the plaintiffs remedies are clearly available and adequate. After the Statewide Grievance Committee renders its decision on the merits, the plaintiff will be able to raise the procedural claim on which he bases this action.
The court notes that the plaintiff's claims of futility are based on two inaccurate assumptions. First he assumes that Practice Book § 27F(a)(2)(F) contains a mandatory provision that the Statewide Grievance Committee dismiss any claim based on conduct occurring in a pending action of which a superior court judge is aware, but which the judge has declined to refer to the grievance committee. This assumption ignores the words "where appropriate" in § 27F(a)(2), which suggests that dismissal is not mandatory, but discretionary, depending on the circumstances.
The plaintiff has also incorrectly assumed that by denying the Motion to Disqualify him the court ruled that Attorney Brignole's alleged numerous statements to the press concerning pending litigation did not violate Rule 3.6 of the Rules of Professional Conduct. Judge Hale denied the Motion to Disqualify without opinion. Therefore, he may well have seen the Motion to disqualify as a litigation ploy, rather than a true effort to enforce the Rules of Professional Conduct. He may have found that Attorney Brignole's client's interest in retaining the counsel of his choice outweighed Attorney Brignole's violation of Rule 3.6.
Another exception to the exhaustion doctrine is recognized where there is a constitutional challenge to the propriety of the procedures followed by the administrative agency. Pet v.Department of Health Services, 207 Conn. 348, 353, 542 A.2d 672
(1988). A challenge to the underlying constitutionality of a CT Page 12879 statute or regulation is allowed under this exception, but a challenge to the action of the board or agency is not allowed.O G Industries, Inc. v. Planning and Zoning Commission,232 Conn. 419, 426, 655 A.2d 1121, n. 5 (1995): LaCroix v. Board ofEducation, 199 Conn. 70, 79, 505 A.2d 1233 n. 7 (1986). In this case the plaintiff does not claim that the rules are unconstitutional, but rather challenges the actions of the defendants in applying the rules.
In Pet v. Department of Health Services, 207 Conn. 346, 353,542 A.2d 672 (1988) the Court refused to allow the plaintiff to circumvent the administrative process, even though it recognized that he raised a colorable claim of violation of his procedural due Process rights. The Court stated:
 After the hearing is over and if an adverse decision is rendered, an aggrieved party has the opportunity to argue that it has been denied meaningful exercise of its due process rights. To do so on this record, even before a decision is rendered, where the plaintiff has not proven that pursuing an available administrative remedy is demonstrably futile, would be disruptive of the administrative process. This is especially disruptive of the administrative process when it is entirely possible that there will be a favorable outcome to the party raising the due process claim. McKart v. United States. supra.
207 Conn. at 361.
In this case as in Pet the plaintiff has not proved that "pursuing an available administrative remedy is demonstrably futile", therefore he must first exhaust his administrative remedies before seeking relief from this court. See Maco v.Statewide Grievance Committee, Superior Court, Judicial District of Hartford-New Britain at Hartford, No. CV 94-0546500S (June 14, 1995); Johnson v. Statewide Grievance Committee, Superior Court, Judicial District of Hartford-New Britain at Hartford, No. CV 96-0563689 (November 25, 1996); Doe II and III v. StatewideGrievance Committee, Superior Court, Judicial District of New Haven at New Haven, No. CV 96-389085 (December 18, 1996).
For the foregoing reasons the Motion to Dismiss is granted. CT Page 12880 By the court,
Aurigemma, J.