[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
On April 20, 2000, the plaintiffs, Connecticut Coalition Against Millstone, Long Island Coalition Against Millstone, Connecticut Green Party, Don't Waste Connecticut and STAR Foundation, filed a complaint seeking a temporary injunction to suspend operations of Millstone Unit 3 ("Millstone 3") through the second week of June, 2000. The defendants, Northeast Utilities Service Company and Northeast Nuclear Energy Company, operators of Millstone 3, have moved to dismiss the complaint on the grounds of res judicata, lack of standing, failure to exhaust administrative remedies and primary jurisdiction.
The complaint alleges the following facts. The defendants operate three reactors known as Units 1, 2 and 3 at the Millstone Nuclear Power Generating Station in Waterford. The three units use once-through condenser cooling water systems, whereby water is drawn from Niantic Bay through intake structures and discharged into Long Island Sound through a system of internal pipes. The rapid withdrawal of cooling water to operate Units 1, 2 and 3 has significantly contributed to the virtual collapse of the winter flounder stock in the Niantic River. The annual spawning season of the winter flounder in the Niantic River is now underway and, unless Millstone 3, the newest and largest of the three reactors, is enjoined from intake operations during the present peak spawning period, hundreds of millions of flounder will be destroyed, causing irreparable harm.
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31(a). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308 (1998).
The defendants argue that the complaint should be dismissed on the basis of res judicata. According to the defendants, the substantive issues involved in the present controversy have already been resolved in a prior action. See Fish Unlimited v. Northeast Utilities Service Co., CT Page 5690 Superior Court, judicial district of Hartford, Docket No. 587693 (May 7, 1999, Hale, J.T.R.).
The court will not reach the merits of the defendants' res judicata argument because such an argument may not be raised by a motion to dismiss. "Res judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed. . . . of course, there is no reason why, in an appropriate case, once the defense of res judicata has been raised the issue may not be resolved byway of summary judgment." (Citations omitted; internal quotation marks omitted.) Labbe v. PensionCommission, 229 Conn. 801, 816 (1994); see also Practice Book §10-50 (providing that res judicata must be specially pleaded). The motion to dismiss will therefore not be granted on the basis of res judicata.
The defendants also move to dismiss the complaint on the ground that the plaintiffs lack standing. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) Nationwide Mutual Ins.Co. v. Pasion, 219 Conn. 764, 768 (1991). "When standing in put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." Connecticut Assn. of Board of Education, Inc. v. Shedd,197 Conn. 554, 558 (1985).
In support of their argument that the plaintiffs lack standing, the defendants state that the "proper forum for raising issues of entrainment and impingement and challenging the permitted operation of Millstone during winter flounder spawning season is not the courts but rather DEP through the NPDES permitting process." Because it focuses on the proper forum to raise the plaintiffs' claims, rather than whether the plaintiffs are proper parties, the defendants' argument is not accurately characterized as one relating to standing. In fact, General Statutes § 22a-16 "confers standing upon `any person' to sue `any person' for `the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction.' . . . Standing is automatically granted under the EPA to `any person.'" Manchester Environmental Coalition v.Stockton, 184 Conn. 51, 57 (1981). CT Page 5691
The defendants argue, however, that standing under the EPA is limited by the Supreme Court's holding in Middletown v. Hartford Electric LightCo., 192 Conn. 591 (1984). In that case, the issue was whether General Statutes § 22a-16 gave the plaintiffs standing to bring suit under other environmental statutes. The Court held "that § 22a-16 did not provide the plaintiffs with standing under any statute other than the Environmental Protection Act itself." Id., 597. Here, the plaintiffs' complaint alleges violations only of the EPA itself. The Supreme Court's holding in the Middletown case is therefore inapplicable. The plaintiffs have standing to pursue a claim under General Statutes § 22a-16.
The defendants' other grounds for their motion to dismiss are the interrelated doctrines of exhaustion of administrative remedies and primary jurisdiction. "Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) Drumm v. Brown,245 Conn. 657, 676 (1998). "The doctrine of exhaustion of administrative remedies contemplates a situation where some administrative action has begun, but has not yet been completed; where there is no administrative proceeding under way, the exhaustion doctrine has no application. In contrast, primary jurisdiction situations arise in cases where a plaintiff, in the absence of pending administrative proceedings, invokes the original jurisdiction of a court to decide the merits of a controversy." Sharkey v. Stamford, 196 Conn. 253, 255-56 (1985).
The defendants argue that this court should dismiss the present action because the plaintiffs have failed to take advantage of or exhaust adequate administrative remedies. Specifically, the defendants argue that the plaintiffs have an adequate remedy available to them because of ongoing proceedings for the renewal of Millstone's discharge permit under General Statutes § 22a-430. The defendants also assert that the plaintiffs have an adequate administrative remedy under General Statutes § 22a-7, which provides that the commissioner of environmental protection may issue a cease and desist order when the commissioner finds the existence of environmental violations.
These administrative remedies, however, are inadequate. The plaintiffs have provided the court with a document of the Department of Environmental Protection entitled "Draft Millstone Permit Schedule." This schedule projects December 31, 2001 as the date when a hearing will be held on the renewal of the Millstone permit. Because the plaintiffs seek an injunction to prevent the defendants from causing harm to the winter flounder stock during the present spawning season, the permit CT Page 5692 renewal procedures are clearly inadequate and futile. "Although the two doctrines of primary jurisdiction and exhaustion of remedies are not congruent, it is true that neither can operate to oust a litigant from the courts where no adequate remedy may be had by resort to the administrative process." State ex rel. Golembeske v. White, 168 Conn. 278,281 (1975).
Similarly, the defendants' assertion that the plaintiffs have an administrative remedy under General Statutes § 22a-7 is not a cause for dismissal. That statute empowers the commissioner of environmental protection to issue cease and desist orders, but provides no mechanism by which the plaintiff could institute proceedings seeking such action by the commissioner. Furthermore, it is unlikely that such a procedure would be swift enough to provide an adequate remedy to the plaintiffs. Consequently, the defendants have failed to show that the plaintiffs have an adequate administrative remedy precluding the exercise of jurisdiction by this court.
For the reasons stated above, the defendants' motion to dismiss is denied.
Hendel, J.